## LITTLE *vs.* OWEN.

Interest is suspended against a garnishee, during the pendency of the garnishment.

Complaint in Dougherty Superior Court. Tried before Judge ALLEN, at the December Term, 1860.

There is but one question presented by the record in this case, which arises out of the following state of facts:

At the December Term, 1859, John T. Dickerson sued out a summons of garnishment against Albert G. Owen, requiring him to answer on oath what he was indebted to, or what effects of Leonard Little he then had in his hands, or had at the time the summons of garnishment was served. This garnishment continued in Court until the June Term, 1860, at which time the same was dismissed.

Little *vs.* Owen.

On the 14th of May, 1860, William G. Little brought an action against William G. Owen, to recover the amount of two promissory notes, for five hundred dollars each, dated 20th December, 1858, one due six months, and the other twelve months after date, made by said Owen, and payable to Leonard Little, or bearer.

When the case was submitted to the Jury on the foregoing facts, the presiding Judge charged the Jury: " That if there was a summons of garnishment served upon the defendant, at the instance of John T. Dickerson, against Leonard Little, by which the defendant, Owen was prevented from paying the sum due on said notes sued on, for the space of six months, then said Owen was entitled to a credit for the interest accruing on the notes during the six months that he was so prevented from paying them, and that it was not necessary for said Owen to pay what he admits to be due on the notes, into Court, unless required so to do, in order to entitle him to the credit for said six months' interest."

Under this charge, the plaintiff accepted a confession of judgment for the amount due on the notes, less the said six months' interest, reserving his right to except to the charge of the Court, and said plaintiff now asks a reversal of the judgment on the ground of alleged error in said charge.

HINES & HOBBS, for plaintiff in error.

STROZIER & SMITH, for defendant in error.

*By the Court.*—LUMPKIN, J., delivered the opinion.

It seems that Albert G. Owen, the defendant in error, was garnisheed by John T. Dickerson, to depose what he was indebted to Wm. G. Little. The case was pending six months, when the garnishment was dismissed. Owen being sued by Little on the debt which he owed him, Owen claimed to have the interest suspended while the garnishment was pending, which the Court allowed, and, we hold, rightfully. By the Act of 1855, all other acts upon the subject of garnishment are repealed. No provision is made by this

act for the garnishee to discharge himself by paying the money which he owes the defendant into Court. He could not pay it of course, to the defendant. It would seem reasonable, therefore, that the interest should be suspended during that time. Besides, the defendant will not lose it. He can sue Dickerson on his bond, and the lost interest will constitute an item of damage which Little has sustained by reason of sueing out the garnishment.

We express no opinion, whether Owen might not have been protected, had an order been taken requiring him to pay the money into Court, although we see no authority under the Statute for such a proceeding. No order was taken in this case.

Judgment affirmed.