### LETTICE, treasurer, v. AMERICAN NATIONAL BANK.

FISH, C. J. 1. Under the provisions of article 7, section 6, paragraph 2, and section 7, paragraph 1, of the constitution of 1877 (Civil Code, §§ 5892, 5893), county authorities have no power to make a contract with a bank, constituting it the fiscal agent of the county, with an agreement that when warrants are issued by the county authorities and payment declined by the treasurer for lack of funds, the bank shall pay them, take an assignment or transfer of them, and hold them until the county treasurer notifies it that he is prepared to pay and take up such warrants, the treasurer agreeing, in consideration of the agreement on the part of the bank above stated, to allow and pay six per cent. interest on such warrants from the time they are presented to him for payment and payment refused until they are actually paid. Such an agreement is not rendered valid because the legal rate of interest in this State is seven per cent. upon contracts which may be lawfully made, where no rate is specified to be paid after such a contract begins to bear interest.

2. The decision in *State* v. *Speer,* 33 *Ga. Supp.* 93, was rendered in 1864, prior to the constitution of 1877 and at a time when the provisions of the then existing constitution were in several particulars different from

those of the one now in force.   That case turned on the mere question whether an order absolute, given by the inferior court of a county for the payment of money in liquidation of debts due by such county, was a liquidated demand, and as such bore interest.   No question of constitutional law was discussed.

3. It appearing from the allegations and the prayer of the petition that a mandamus was sought, requiring the treasurer to pay to the bank the amount of a warrant issued by the commissioners in pursuance of the contract between them and the bank for the interest, at the contract rate, on a warrant previously issued by the commissioners and paid by the treasurer, and that the court granted a mandamus absolute in accordance with the prayer of the petition, requiring the treasurer to pay the warrant for such interest, it follows that the question whether, since the adoption of the constitution of 1877, a county warrant or order issued by the authorities of the county in payment of liquidated demands against the county bears interest during the year in which it is issued, is not presented for adjudication.

*Judgment reversed.   All the Justices concur.*

Decided February 16,—Rehearing denied March 1, 1910.

Mandamus.   Before Judge Felton.   Bibb superior court.   June 11, 1909.

*Guerry, Hall & Roberts,* for plaintiff in error.

*Walter G. Smith* and *Lane & Park,* contra.