TIFT & PEED GROCERY COMPANY *v.* WORTH COUNTY.

1. A county in this State is not liable for interest upon county warrants, in the absence of some valid legal contract, or provision of law, authorizing the payment of interest.

2. The term "new debt" as embraced in par. 1, sec. 7, art. 7 of the constitution of this State (Civil Code, § 6563) embraces interest as well as principal. Under the allegations of the petition the interest sued for created a debt against the county which is inhibited by the above provision of the constitution, and is therefore unenforceable by suit brought against the county to recover such interest.

No. 1774. June 19, 1920.

Complaint. Before Judge Eve. Worth superior court. October 28, 1919.

Tift & Peed Grocery Company brought suit against the County of Worth, to recover the sum of $468.58 which indebtedness, it was alleged, arose by reason of the following facts: Plaintiff is the owner of eighty-seven county warrants issued by the authorized county authorities of Worth County, for the amount as shown by exhibits which were attached to the petition. It was alleged that the warrants were presented for payment to the proper authorities of the county whose duty it was to pay same, but that the warrants, although presented and registered, were not paid until May 1, 1916, when the county paid thereon the sum of $4470.86, this being the amount owing by said county to the plaintiff, as the principal sum. The amount of interest computed at the rate of seven per cent. per annum upon the total amount represented by the warrants, from the various dates on which they were presented to the county authorities for payment and registered by such authorities until the date of the payment of the principal sum, was $468.58, for which sum plaintiff sues and asks

judgment. It is alleged that each of the claims was duly and legally presented within twelve months after each became payable. The defendant demurred to the petition, on the ground that it shows upon its face that it is a suit for interest upon county orders or warrants, and that to allow and maintain the payment of interest on such warrants would create a debt against the county, in violation of par. 1, sec. 7, art. 7 of the constitution of this State (Civil Code, § 6563), which is as follows: "No such county, municipality, or division shall incur any new debt, except for a temporary loan or loans, to supply casual deficiencies of revenue, without the assent of two thirds of the qualified voters thereof at an election for that purpose," it nowhere appearing in the petition that the principal indebtedness on which this interest is claimed was to supply casual deficiencies or revenue, or had been assented to in the manner provided for in the constitution. The court sustained the demurrer and dismissed the petition; whereupon the plaintiff excepted.

*J. H. Tipton,* for plaintiff. *Perry & Williamson,* for defendant.

HILL, J. (After stating the foregoing facts.) The single question raised by the demurrer is whether or not a county of this State is liable for interest upon county warrants. It does not appear from the petition that the County of Worth had contracted to pay interest upon these warrants, either upon the face of the warrants or elsewhere, in compliance with the provision of the constitution. The provision of the constitution, quoted above, inhibits a county from creating a debt except in the manner therein pointed out. The term "new debt" as used in the constitution embraces interest as well as principal. *Conley* v. *Maher,* 93 *Ga.* 781 (20 S. E. 647), *Park* v. *Candler,* 114 *Ga.* 466 (40 S. E. 523). It seems therefore that this is a debt for which the county is not liable unless made so by law. The Civil Code, § 384, provides: "A county is not liable to suit for any cause of action unless made so by statute." And even if there were a statute authorizing it, it is not recoverable if the debt is one inhibited by the constitution. *First National Bank of Rome* v. *Owens,* 147 *Ga.* 599 (95 S. E. 2). The court therefore did not err in sustaining the demurrer to the petition and in dismissing the plaintiff's case.

*Judgment affirmed. All the Justices concur.*