## GASTON, commissioner, v. SHUNK PLOW CO. *et al.*

1. Traverse of a sworn answer to a proceeding for contempt is not required before the court can proceed to determine, in the usual way, whether the facts show that the party charged is guilty of disobedience of an order of the court; and the court did not err in overruling the motion of the contemnor to dismiss the proceedings, at the conclusion of the evidence offered by the plaintiffs, on the ground that the answer had not been traversed.

2. The trial judge did not err in rejecting an amendment to his answer offered by the defendant in such proceeding, which failed to set up any defense to the contempt proceeding.

3. Every court has power to compel obedience to its judgments, orders, and processes; and in a proceeding for contempt growing out of the alleged violation by the defendant therein of a mandamus absolute, the judge can determine all questions of fact without the intervention of a jury, except in the cases provided for in § 4643 of the Civil Code.

4. None of the provisions of the judgment rendered by the court in this case are void because they are not warranted by the pleadings in the case.

5. The judge did not err in receiving and considering, after the conclusion of the hearing, an affidavit offered by one of the parties in pursuance of an agreement by both that either one could submit further evidence after the conclusion of the hearing and before the judge rendered his decision, especially where nothing otherwise improper appears to have been done in the matter.

---

Contempt 13 C. J. pp. 74, n. 55, New; 75, n. 69, New.

Counties 15 C. J. p. 607, n. 61.

Courts 15 C. J. pp. 811, n. 86; 812, n. 92.

Evidence 22 C. J. 1077, n. 68.

Interest 33 C. J. p. 246, n. 75.

Judgments 34 C. J. p. 506, n. 59.

Juries 35 C. J. pp. 148, n. 9; 159, n. 33; 178, n. 63; 194, n. 14, 15.

Mandamus 35 C. J. pp. 917, n. 85; 925, n. 96; 926, n. 18, New; 935, n. 74, 75, 76, 77.

Pleading 31 Cyc. p. 78, n. 95.

6. The agreement of the county to pay interest on these warrants is a valid and enforceable one; and the court did not err in finding that interest was payable on them, and in directing its payment.

(a) Where in his answer to a mandamus proceeding brought against a county commissioner, to compel him to levy a tax to pay certain county warrants, that officer admitted that the county had no defense to such warrants, and where these warrants on their face expressly bear interest from date, upon mandamus absolute commanding such officer to levy a sufficient tax each year for four years to pay one fourth annually of the admitted legal and binding past-due indebtedness of the county, represented in part by these warrants, such officer was required to levy an annual tax sufficient to pay one fourth of the amounts due on such warrants, including both principal and interest.

(b) Failure of such officer to make such levy rendered him liable to be proceeded against for contempt in violating such mandamus absolute.

7. Persons who are prevented from paying over money by process of the court, such as writs of injunction and the like, are not liable for interest. Where the holder of county warrants was enjoined from collecting them, in suits brought against the original payee, the holder of such warrants, the county issuing them, and the county commissioner, at the instance of a party who claimed an equitable interest in such warrants and who succeeded in recovering such interest, the effect of such injunction was to enjoin the county from paying these warrants to the holder thereof; and, being thus restrained from their payment, the county was not liable for interest on the warrants during the period when it was so enjoined.

No. 4986.  November 14, 1925.

Contempt, etc.   Before Judge Persons.   Butts superior court. May 15, 1925.

On June 22, 1914, J. O. Gaston, as commissioner of roads and revenues of Butts County, issued to the Salisbury Metal Culvert Company three county warrants, each for the principal sum of $2,220.00, as payment of a bill for metal culverts furnished by the Culvert Company to Butts County for its roads.   These warrants were numbers 1776, 1777, and 1778.   On the face of each of these warrants appears the following notation: "This warrant bears 7% interest until paid."   On July 17, 1914, the three warrants were assigned and transferred for a valuable consideration to the Commercial Credit Company by the Culvert Company.   Subsequently to this transfer and on or about April 3, 1915, the Shunk Plow Company filed a petition for mandamus in Butts superior court against J. O. Gaston, commissioner, to require him to levy a special tax for the year 1915 to pay its warrants.   To this petition Gaston filed an answer, in which he set up various defenses to the action, and later, in compliance with an order of court, he

filed an amended answer in which he set forth a list of all the outstanding obligations of Butts County in an exhibit and stated that these obligations "are accumulated debts or obligations against the County of Butts, to which there is no defense, set-off, or other legal reason why same should not be paid." In this list of creditors appears the name of the Commercial Credit Company, transferee, it being duly set out as the holder of the three warrants originally issued to the Culvert Company. Gaston further stated in his amended answer that it was his purpose and intention to levy taxes sufficient to pay off one fourth of this aggregate indebtedness of the county; "that many of the warrants listed herein have written in the face thereof that interest is to be paid at the rate of 7% per annum, and that therefore he is not able to give in round numbers the exact amount that will have to be raised each year, but that when he goes to make up his tax levy this will all be taken into consideration and sufficient amount raised to pay off the one fourth." On the exhibit attached to this amended answer is the following statement: "Some of the above warrants have written in the face thereof that interest is to be paid thereon at 7% per annum from the date of same." Gaston prayed that the court pass an order directing and commanding him and others holding the position of commissioner, or having authority to levy taxes, to levy each year for four years a sufficient tax to pay off one fourth of the indebtedness set out in the exhibit to his amended answer.

The judgment on the mandamus petition, rendered on September 13, 1915, commanded Gaston as commissioner and his successors in office to levy an extra tax yearly for the years 1915, 1916, 1917, and 1918, sufficient in amount to pay off one fourth of the "admitted legal and binding past-due indebtedness of the County of Butts each year for the four years aforesaid, as set forth in the petition and answer of the defendant, J. O. Gaston, wherein is set out the warrants and amounts admitted to be due and for the payment of which this order is granted." It was further ordered that each yearly levy be made "ample and sufficient to pay off one fourth of the said warrants and indebtedness scheduled in defendant's answer and plaintiff's petition." In compliance with this judgment, Gaston as commissioner levied a special tax for the year 1915, and on the three warrants the sum of $1,660 was paid on or about August 25, 1916.

On December 18, 1916, the Continental Trust Company filed an equitable petition in Butts superior court against the Commercial Credit Company, the Salisbury Metal Culvert Company, Butts County, and J. O. Gaston, commissioner, in which it secured a temporary injunction restraining the Commercial Credit Company from receiving any money from Butts County or any of its officers on account of these warrants. In this action the Continental Trust Company sought to subject the funds to be raised for the payment of these warrants to the payment of a duplicate set of warrants issued by Butts County at a later date than the original warrants for the payment of the same indebtedness. The lower court held that these duplicate warrants were void; and this judgment was affirmed by this court on December 12, 1918. *Continental Trust Company* v. *Butts County,* 148 *Ga.* 623 (97 S. E. 679). On April 17, 1919, the Continental Trust Company filed a suit in equity in the U. S. District Court for the Southern District of Georgia, against the Shunk Plow Company, Commercial Credit Company, Salisbury Metal Culvert Company, Butts County, and J. O. Gaston, commissioner and individually, in which it sought to attach, under the provisions of sec. 57 of the U. S. Judicial Code, the funds raised for the payment of the three original warrants by the levy of the special taxes provided for in the mandamus judgment. On the same date a restraining order was secured by the plaintiff, enjoining the defendants from removing the original warrants from the jurisdiction of the district court, and from removing from its jurisdiction any money collected or to be collected from Butts County on these warrants, or from altering the status of the warrants or the funds collected on their account. This case was tried, and resulted in a decree on February 12, 1923. From this decree the Commercial Credit Company and the Salisbury Metal Culvert Company took an appeal to the Circuit Court of Appeals, and the Continental Trust Company filed a cross-appeal. The decision of the court on these appeals was rendered on December 26, 1923. None of the defendants except the Commercial Credit Company and the Salisbury Metal Culvert Company were made parties to the direct appeal or the cross-appeal, and they were not represented at the hearing by brief or counsel. The judgment in the district court, of February 12, 1923, awarded to the Continental Trust Company the sum of $3,041.68 from the pro-

ceeds of the original warrants, and ordered Butts County to pay that amount "together with the proportionate part of such interest as may be paid by said county on the balance due on said original warrants" to that company. The decree further ordered the county to pay the sum of $1,908.32 from the funds raised for the liquidation of these warrants to the Commercial Credit Company, "to which shall be added the proportionate part of such interest on said warrants as may be paid by said Butts County, which payment of principal and interest shall have priority over any other disbursement from said funds." On February 7, 1924, Butts County paid to the Commercial Credit Company the principal of the balance due it as calculated in the district court, to wit: $1,908.32, and on the same date paid to the Continental Trust Company the principal of the amount awarded to it by the court, to wit: $3,041.68.

On September 20, 1924, the Commercial Credit Company filed its petition in Butts superior court in the original Shunk Plow Company case for contempt against Gaston, commissioner. It set out the facts above stated. An order was granted for him to show cause why he should not be adjudged in contempt of court for non-compliance with the mandamus judgment. The petition alleged that Gaston had levied no tax to raise any further funds for the payment of the three original warrants after the payments made on February 7, 1924, and that he had failed to comply with the mandamus judgment in failing to levy sufficient taxes to pay the principal and interest on these warrants. The prayers were as follows: "(a) that the Continental Trust Company be permitted to join as a petitioner in this action, by reason of its interest in said warrants under the above mentioned decree in the U. S. District Court; (b) that a rule nisi issue, requiring said commissioner to show cause why he should not be adjudged in contempt of this court for non-compliance with the judgment in this mandamus proceeding; and (c) that petitioners be granted such other and further relief as they may be entitled to in the premises." Petitioners by an amendment set out certain portions of the pleadings in the original mandamus suit, containing statements with reference to the interest on these warrants, and amended their prayers so as to provide that Gaston be given permission to pay the balance of the principal and interest due on the warrants, or in

default thereof be adjudged in contempt of court. To this petition and amendment Gaston filed a sworn answer and a verified amended answer. The pertinent parts of his answer follow: He referred to the suit filed on December 18, 1916, by the Continental Trust Company against the Commercial Credit Company, Butts County, and others, in which it was sought to subject the funds raised and to be raised from said mandamus proceedings to the payment of the duplicate warrants held by the Continental Trust Company; the restraining order therein granted; and the judgment of this court on December 12, 1918, holding said warrants void. He alleged that on said date the county and this defendant were enjoined by the suit in the U. S. District Court from paying out any funds on said original or duplicate warrants until such suit was finally determined, on December 26, 1923. "Defendant has fully complied with every order passed in each of said courts. The county has had the money in its treasury, ready to pay said warrants, from the time directed in said mandamus proceedings, but the warrants were never presented for payment, without fault of the county or this defendant. It is apparent from the petition that petitioners are seeking by this proceeding to collect interest on said warrants in addition to the principal, which has been fully paid. Defendant has not levied an assessment for interest on said warrants, for the reasons, (1) that no judgment or order has been obtained against the county or him for interest on said warrants, or for the levy of a tax to pay interest, (2) that the money to pay all said warrants has been in the treasury of the county since said mandamus proceedings, ready for delivery on demand, (3) that the failure to pay the principal on said warrants and prevent any claim for interest is not chargeable to the defendant nor the county, and (4) that he is advised that he could not legally cause a levy to be made for interest on said warrants." "A special levy of three mills was made upon all taxable property in . . the county, which raised a fund ample to pay all legal indebtedness against the county as set out in said original mandamus proceeding. No special levy was made for interest on said warrants, eo nomine, but said levy was ample to pay all obligations of the county as listed in said proceedings. Said warrants were paid when and as presented, as directed in said mandamus proceeding. In the judgment in the mandamus suit no requirement

that interest should be paid on said warrants was made. . . The suit in the instant case is an attempt to collect interest on the county obligations, separate and distinct from the principal thereof; and such a suit is not allowable under the law of Georgia after the principal of said obligations is paid."

The issue thus made was heard in chambers by the trial judge on December 24, 1924. On the hearing petitioners introduced the mandamus proceedings, an agreed statement as to the litigation subsequent to the mandamus case, and copies of the warrants on each of which was this indorsement: "Pay to the order of any banker or broker. Salisbury Metal Culvert Company," and the decree in the U. S. District Court. In said agreed statement is this stipulation: "Pending suit an injunction was of force, issued by the U. S. District Court as well as the State courts, prohibiting the collection of the amounts due on said original warrants." The restraining order in the suit in the U. S. District Court was as follows: "The Commercial Credit Company is restrained from receiving any money from the County of Butts, or any officer or agent thereof, on account of warrants mentioned in the foregoing petition, and the status of the said warrants will be preserved by all the parties in this cause until further order of the court." It was admitted that there was a balance of $45 due on the principal of said warrants.

Subsequently to the appearance of the attorneys for the parties at the hearing the court received and considered an affidavit of Philip H. Alston, Esq., the attorney for Continental Trust Company, in which, after reciting the history of this litigation, he deposed that an agreement has been reached between that company and the commissioner, by which the latter agreed to pay to said company the sum of $500 as settlement of its claim for its share of interest on said warrants, said settlement also to include the dismissing and settlement by said company of its prayers for relief against the defendant individually. This affidavit was received before the termination of the case. Subsequently to such hearing the defendant filed with the judge the affidavit of Judge Searcy, the affidavit of the county treasurer, the order of Judge Searcy of September 25, 1916, and the letter of defendant to the judge. These affidavits and documents were received under an agreement that both parties could introduce additional evidence.

The defendant introduced a judgment in the mandamus case, dated September 25, 1916, providing for the payment of interest on the warrant of Galion Iron Works & Manufacturing Company, this warrant bearing interest from date. The defendant introduced the affidavit of John M. McMichael, the county treasurer, in which he deposed that the money arising from the levy made under the judgment in the mandamus case was disbursed in accordance with the terms of said order, and that on none of said warrants was any interest paid. One or two warrant-holders claimed interest on their warrants, but he went to the judge of the superior court of said county, Hon. W. E. H. Searcy, Jr., then presiding, and the said judge instructed deponent not to pay interest, and this he did not do. Under the terms of the order of said court as originally drawn, making this deponent a party in the mandamus case, it was specifically ordered that in making final payment said warrants should be delivered up. This was done in all cases except the warrants held by the Commercial Credit Company, and this would have been done in that case but for the fact that the order of the U. S. District Court directed the payment into court. Defendant introduced the affidavit of Judge Searcy, who rendered the judgment in the mandamus proceedings, in which he deposed that the original order therein was the result of an agreement between the parties as to the facts and the amounts due by the county to the various warrant-holders. At the time the question of the warrants drawing interest was discussed, and it was his opinion at that time that it was doubtful if interest could be paid on the warrants, and if a levy could be made to pay interest on the warrants. This he stated to the defendant at the time, and did not issue any order directing a levy for the payment of interest. It was distinctly stated that the order was not to cover interest, for the reasons above stated.

The defendant offered a sworn amendment to his answer in this case, which is as follows: "Comes now the defendant, J. O. Gaston, and strikes that portion of his answer numbered paragraph 16 and in substitution thereof says: A levy of 3 mills was made on all the taxable property in Butts County, Georgia, as directed by the judgment and decree in said mandamus suit, and funds so raised as directed in said decree were ample and sufficient to pay all the legal indebtedness of said county, as stated and listed in said

mandamus petition. That no other or further levy on account of said listed warrants shown in said mandamus proceeding has been made. That sufficient funds raised by levy as aforesaid was in the hands of the treasurer at the time directed in said mandamus decree, ready to be paid out when demanded on the presentation of said listed warrants. That such funds so raised has not been drawing interest in the hands of said treasurer, nor in the hands of other person." The court disallowed this amendment, and to the judgment of disallowance the defendant excepted on the ground that the matters set up in said amendment were germane to the charge of contempt as set up in the petition and the charge that the order in the original mandamus case had not been complied with.

At the conclusion of the presentation of evidence by the petitioners the defendant moved to dismiss the petition in this case, on the ground that his sworn answers were untraversed, and exonerated him from the charge of contempt, that it was not shown that he had disobeyed any order of the court in said mandamus case, or any court, in the matter of the payment of said warrants, that there was no liability for interest on said warrants under the decree rendered in said mandamus case or other cause, and that the defendant was not in contempt of court. The court overruled this motion to dismiss, and on May 15, 1925, the presiding judge rendered his judgment without a jury, exonerating the defendant from any contumacious contempt, but directing interest, and a small part of the principal alleged to be due by reason of errors in previous court orders, to be paid from the due date of said warrants. In his judgment the court held that the warrants involved in this case stipulate for the payment of interest on the principal indebtedness at seven per cent., that said interest is a binding obligation against the county, and that the demand for interest on said warrants is not barred by the statute of limitation, that the liability of the county to pay said interest was adjudicated in the judgment rendered in the mandamus case, that said mandamus absolute was peremptory in its terms, but that it is clear from the proofs submitted that the defendant is not in contempt of this court by having failed to levy a tax to pay the interest due on said warrants, there being no contumacious failure on his part to fully comply with the terms of the mandamus

absolute, but on the contrary he was being guided by counsel, as well as by the direct instructions of the judge who issued said mandamus absolute, in not paying said interest on said warrants, it being generally understood at the time that as a matter of law interest could not be legally paid on county warrants. In this judgment the court further ordered the defendant to pay the Commercial Credit Company all amounts for principal and interest that may be due according to the terms and stipulations of said warrants, after deducting therefrom the sum of $3,041.68, which is decreed to be due the Continental Trust Company out of said warrants, and to be credited against the demand of the Commercial Credit Company as of date May 15, 1916; that interest be calculated on the residue at the rate of seven per cent. per annum; and that said amounts be paid instanter out of any available funds of the county, and, if none be available, then out of any available county funds that may come into the treasury during 1925; and if no funds are received during the year available for such payment, then the defendant is commanded to levy a special tax during the year 1926 for the purpose of paying said balance due on said warrants to said Commercial Credit Company.

The defendant excepted to the judgment refusing his motion to dismiss the petition. He further assigned error upon the judgment in favor of petitioners, on the grounds, (1) that the same is contrary to law, (2) that it is without proper pleading and evidence to support it, (3) that the county could not be held liable for interest when the failure to collect the principal in hand and ready for payment as specified in the mandamus judgment was due to the act of petitioners themselves in failing to present their warrants for payment, and by enjoining defendant from making payment, and in no event could interest be collected for a period of four years, (4) that the court erred in disallowing the defendant's sworn amendment to his answer, offered at the hearing, (5) in deciding issuable facts without a jury, (6) in rendering judgment on any question but that of contempt, (7) in receiving and considering the Alston affidavit, and (8) in finding that interest was payable on these warrants and in directing its payment.

*Hatcher & Smith* and *W. E. Watkins,* for plaintiff in error.

*T. B. Higdon,* contra.

HINES, J. (After stating the foregoing facts.)

1. It has been held by this court that a traverse of an answer to a proceeding for criminal contempt, committed out of the presence of the court, is not required, and that the court can proceed to determine in the usual way whether the facts show that the party charged is guilty of disobedience of the order of the court. *Carson* v. *Ennis,* 146 *Ga.* 726 (92 S. E. 221, L. R. A. 1917E, 650). We can see no reason why the same principle is not applicable in a remedial proceeding for contempt. While this court in the case cited did not refer to the provisions of §§ 5346 and 5347 of the Civil Code, its ruling settles the point that no traverse of the answer is necessary, and that the court can, without such traverse, hear evidence to determine whether the defendant has or has not violated the order of the court. Furthermore, if these sections of the Code were applicable, the contemnor did not set up in his answer as amended a complete defense. Construing his answer most strongly against him, as we are bound to do under the familiar principle that pleadings are to be taken most strongly against the pleader, the defendant does not allege full compliance with the judgment in the mandamus case. In effect he only pleads that he had levied a tax sufficient to discharge the principal due on these warrants, and then sets up facts tending to show that he was not guilty of a contumacious disregard of the order of the court, and for this reason should not be punished for his failure to fully obey the order of the court. For these reasons the judge did not err in overruling his motion to dismiss the proceedings, upon the conclusion of the introduction of the evidence of the plaintiffs, upon the ground that his sworn answer had not been traversed.

2. Did the trial judge err in rejecting the amendment to his answer offered by the defendant? We think not. As we hold later, the judgment in the mandamus proceeding required the commissioner to levy a tax sufficient to discharge the principal and interest due on these warrants. If the commissioner failed to do this, he violated the judgment of the court, and was subject to be attached for contempt of court. In this amendment the defendant does not allege that the levy of three mills was sufficient to discharge the principal and interest due upon the warrants dealt with in the mandamus case. If this allegation had been made, a

different question would have been presented; but we construe this amendment to mean that this levy raised sufficient funds to pay the principal of the warrants referred to in the petition and the answer of the defendant thereto in the mandamus proceeding. This being so, this amendment set up no defense to the contempt proceeding, and the court did not err in rejecting the same. *Smith v. Lott,* 156 *Ga.* 590 (119 S. E. 400, 30 A. L. R. 145).

3. It is next urged by counsel for the plaintiff in error, the defendant in the court below, that issuable facts were involved in this case, and that the court erred in passing upon the issues of fact without a jury. Every court has power to compel obedience to its judgments, orders, and processes, and to the orders of the judge out of court in an action or proceeding therein. Civil Code (1910), § 4644. In a proceeding for contempt against the defendant, growing out of his alleged violation of a mandamus absolute, is he entitled to a trial by a jury when an issue of fact is raised? Such right, if it exists, must be found either in the constitution or some statute of this State. The constitution declares: "The right of trial by jury, except where it is otherwise provided in this constitution, shall remain inviolate." Civil Code (1910), § 6545. In this State a party has no right to a trial by a jury in an equity case. *Lamar* v. *Allen,* 108 *Ga.* 158 (4) (33 S. E. 958). In *Thompson* v. *Turner,* 69 *Ga.* 219, this court held, that, "Ordinarily, whether a contempt has been committed by violating the process or decree of a court of chancery is a question for the chancellor." The court further said: "It may be that he can submit pure questions of fact to the decision of a jury." In *Kingsbery* v. *Ryan,* 92 *Ga.* 108 (17 S. E. 689), it was said: "It has always been within the power of a court of chancery to call a jury to aid the chancellor in arriving at the truth when there are disputed issues of fact. Indeed, such has been the usual practice." In *Tindall* v. *Nisbet,* 113 *Ga.* 1114 (39 S. E. 450, 55 L. R. A. 225), it was held in a contempt proceeding: "Whether the receiver is or is not unable, by proper effort, to restore a fund entrusted to his keeping as an officer of the court, and which he has willfully misappropriated, is, both at common law and under our statute, a question which may be determined by the presiding judge, and is not one which is required to be submitted to a jury." In the opinion in that case it was held that the case did not fall within

the terms of § 4643 of the Code, which provides for trial by jury before any person can be imprisoned for contempt for failing or refusing to pay over money under any order, decree, or judgment of any court of this State, when he denies that the money ordered to be paid over is in his power, custody, or control. It has been held that the defendant in a proceeding for contempt for failure to comply with an order requiring him to pay alimony is not entitled to demand a trial by a jury. *Lee* v. *Lee,* 97 *Ga.* 736 (25 S. E. 174) ; *Stokes* v. *Stokes,* 126 *Ga.* 804 (55 S. E. 1023). *In re Fite,* 11 *Ga. App.* 665 (76 S. E. 397), the Court of Appeals held that "To try a case of contempt without the intervention of a jury violates no constitutional provision." The above provision of the constitution preserves the right of trial by a jury as it existed at common law. *Jernigan* v. *Garrett,* 155 *Ga.* 390 (117 S. E. 327). The right to trial by a jury, unless extended by statute, applies only to actions proceeding according to the course of the common law, and not to special proceedings of a summary character. 35 C. J. 178, § 62. So the right to a trial by a jury in a contempt proceeding was not conferred by the above provision of the constitution. There is no statute in this State which gives to a party the right to trial by a jury in a proceeding for contempt by a court to force obedience to its order, judgment, or process. This being so, the court did not err in trying any issue of fact, if such there be, in this proceeding, without the intervention of a jury. *Dennard* v. *Farmers & Merchants Bank,* 149 *Ga.* 837 (102 S. E. 356).

4. The contemnor next asserts that the court "erred in rendering judgment on any question but that of contempt, for the reason that a rule nisi for contempt, and for no other cause, was tried." In other words, he complains that the judge erred in those parts of his judgment in which he directed and commanded him to pay to the Commercial Credit Company all amounts, both principal and interest, due on these warrants, after deducting therefrom the sum of $3,041.60, which is decreed to be due the Continental Trust Company out of said warrants, and to be charged to the Commercial Credit Company as of date May 15, 1916, said amounts to be paid instanter out of any available funds of the county, and, if none, then out of any available funds that may come into the treasury of the county during 1925, and, if no funds are received

during said year available for such payment, then the defendant is directed and commanded to levy a special tax for the year 1926 expressly for the purpose of paying the balance due on these warrants to the Commercial Credit Company. The basis of this complaint is that these portions of the judgment are not authorized by the pleadings. While the language of the judgment is not entirely felicitous, in that it commands the commissioner to pay the above amounts to the respective claimants, when the duty of payment does not rest upon that officer, but only the duty of levying a sufficient tax to raise funds enough to pay these claims, we think that the meaning of the judgment, when reasonably construed, is sufficiently plain, and, when so construed, does not fall beyond the bounds of the pleadings and the evidence. The judge found that, under the judgment in the mandamus proceeding, it was the duty of the commissioner to levy a sufficient tax to pay both the principal and the interest due on these warrants, that the commissioner had failed to discharge this duty, that therefore he was in contempt of the court, that such contempt was not contumacious and did not require punishment, and that the commissioner would purge himself of contempt by levying a sufficient tax to discharge the balance of principal and interest due on these warrants, if there were not at that time sufficient funds in the treasury, or if sufficient funds did not come into the coffers of the county during the year 1925 to pay off these warrants; but if he failed to carry out this judgment of the court, that then the court would further deal with the matter of his contempt and would make such further order as might be authorized to enforce compliance thereafter. With this construction of the judgment and in this view of the case, the judge did not err, for the reason alleged, in the judgment rendered.

5. We do not think that the judge erred in receiving and considering the Alston affidavit. This affidavit was submitted under an agreement by which either party could submit additional evidence after the conclusion of the hearing before the judge; and there does not appear to be any such irregularity in the reception and consideration of this affidavit as amounts to error. Under this agreement both parties, after the conclusion of the hearing, submitted additional evidence in the shape of affidavits and documentary proof to the judge. In view of this agreement, and in

view of the fact that nothing otherwise improper appears to have been done in its reception and consideration, we do not think that the judge erred in receiving and considering this affidavit.

6. We come now to consider the assignment of error that the court erred in finding that interest was payable on these warrants, and in directing interest to be paid thereon. The agreement of the county to pay interest upon these warrants is a valid and enforceable agreement; and such interest is collectible upon the same terms and in the same manner as the principal. *Hartley* v. *Nash,* 157 *Ga.* 402 (121 S. E. 295). The further contention of the plaintiff in error is that the judgment in the mandamus case did not provide for the payment of interest, but on the contrary only provided for the payment of the principal of these warrants, and for this reason the judge erred in directing the payment of principal and interest on these warrants. That judgment does not expressly provide for the payment of the principal only. It certainly does not provide expressly that interest should not be paid. The conclusion that that judgment provides for the payment of principal only, and not for the payment of principal and interest, is an inference drawn from the facts and circumstances aliunde the record. In the first place it is insisted that at the time of the rendition of the mandamus judgment it was the general opinion that county warrants did not bear interest. It is further insisted that this common opinion was based upon decisions rendered by this court in the cases of *Lettice* v. *American National Bank,* 133 *Ga.* 874 (67 S. E. 187), *First National Bank of Rome* v. *Owens,* 147 *Ga.* 599 (95 S. E. 2), *Tift & Peed Grocery Co.* v. *Worth County,* 150 *Ga.* 319 (103 S. E. 465), which were considered and distinguished in *Hartley* v. *Nash,* supra. It is next urged that the judge who rendered the judgment in the mandamus case did not think that interest was payable on county warrants. It is next stated that the judge who rendered that judgment deposed by affidavit in the present case that it was agreed that interest was not to be paid upon the county warrants involved in that case. It further appears that the same judge instructed the commissioner and the county treasurer not to pay interest on these instruments. It further appears that in a supplementary order, made subsequently to the mandamus judgment, and in the mandamus case, provision was made for the payment of interest on a county war-

rant held by another claimant and involved in the mandamus case. From these facts and circumstances the deduction is drawn that the judgment in the mandamus case provides only for the payment of the principal, and not for interest on these warrants. We do not think that this deduction is sound. It must be borne in mind that the holder of these warrants was not a party to the mandamus proceedings, and for this reason is not estopped by any agreement made by the parties to that proceeding at the time the judgment therein was rendered. The judgment can not be contradicted, varied, or added to by parol evidence. It can not be shown by such evidence that the judge intended to render a different judgment from the one actually rendered. If there were ambiguity in his judgment, which rendered its meaning doubtful, parol evidence might be admissible to explain and remove the ambiguity.

It must be further borne in mind that the purpose of the mandamus proceeding was not to obtain a judgment against the county, fixing the amount of principal and interest due on these warrants, but the sole purpose of that proceeding was to compel the commissioner to levy a tax for their payment. That proceeding was brought by the Shunk Plow Company against the commissioner, to compel him to levy a tax to pay two warrants held by it against the county. The commissioner in his answer to that proceeding set up that there were various outstanding warrants against the county, against which there was no defense. He attached to his answer a list of these warrants, which included those involved in this case. He stated that many of these warrants bore interest at the rate of 7 per cent. per annum. The warrants involved in this case expressly provided on their faces for the payment of interest at this rate. The commissioner asked the court to pass orders making the county treasurer a party to the case, and requiring the commissioner to levy a special and extra tax for the years named in his answer for the purpose of paying off these valid warrants against the county. He did not allege or intimate that interest was not payable on these warrants. On the contrary he expressly stated that there was no legal reason why the same should not be paid. The interest thereon was a part of the legal indebtedness of the county to the holders thereof. In accordance with the wishes of both parties to the mandamus pro-

ceeding the judge rendered judgment in which he directed the commissioner to levy a sufficient tax each year for four years to pay "the admitted legal and binding past-due indebtedness of the County of Butts, . . as set forth in the present petition and answer of the defendant, J. O. Gaston, wherein are set out the warrants and amounts admitted to be due, and for the payment of which this order is granted." It was further ordered that each yearly levy should be "ample and sufficient to pay off one fourth of the said warrants and indebtedness scheduled in the defendant's answer and the plaintiff's petition." It was held in *Hartley* v. *Nash,* supra, that the interest was as much a part of the indebtedness represented by these warrants as was the principal. So it seems clear that the judgment in the mandamus case provided for the levy of a tax sufficient to pay both the principal and interest due on these warrants; and that the trial judge in the instant case did not err in so finding and holding.

7. It is next insisted that the judge below erred in directing and commanding the commissioner to pay the principal and interest due on these warrants, on the ground that the county had been enjoined from paying these warrants, in the suits brought by the Continental Trust Company in Butts superior court, and in the U. S. district court for the Southern District of Georgia. The petition in Butts superior court was filed on December 18, 1916. In that suit an injunction was of force during its pendency, prohibiting the collection of the amounts due on these warrants. The suit in the U. S. district court was filed on April 17, 1919. In that suit the Commercial Credit Company was restrained from receiving any money from the County of Butts or any officer or agent thereof on these warrants; and it was further provided that the status of these warrants should be preserved by all the parties in the case until the further order of the court. The restraining order in the former of these cases remained in full force until December 12, 1918. The restraining order in the latter was granted after that date, and remained in force until December 26, 1923. The county and its commissioner insist that the county is not liable for interest on these warrants during the pendency of these restraining orders, for the reason that they were thereby restrained and prevented from paying over the money on these warrants to the holder thereof. The defendants in error contend

that the county is liable for interest on these warrants, because the county was not enjoined from paying the warrants, as these restraining orders only prohibited the holders thereof from collecting the same. It is true that these restraining orders did not expressly enjoin the county from paying these instruments; but the holders thereof were enjoined from collecting the same. The county and its commissioner were both parties to these suits. The effect of the restraining order was to prevent the county from paying these warrants to the holder thereof. The status of the warrants could not be changed by the parties to these suits. Enjoining the holders of the warrants from receiving payment from the county effectually prevented the county from paying the same. In these circumstances, is the county chargeable with interest on these warrants during the pendency of these restraining orders? Persons who are prevented from paying over money by process of the court, such as writs of injunction and the like, are not liable for interest. This is so because it would be unreasonable for the law to forbid a thing to be done and then to mulct the party in damages in an assessment of interest for not doing it. The law works no such injustice, and is chargeable with no such absurdity. The whole doctrine of interest is based upon the idea that it is a profit or premium properly payable for the use of money which one man has of the money of another. *Georgia Ins. &c. Co.* v. *Oliver,* 1 *Ga.* 38, 40; *Little* v. *Owen,* 32 *Ga.* 20; *Georgia R. &c. Co.* v. *Wright,* 125 *Ga.* 589, 613 (54 S. E. 52), 16 Am. & Eng. Enc. L. (2d ed.) 1068; 33 C. J. 246, § 157; Civil Code (1910), § 5290. So there can be no allowance of interest on a fund in the hands of the court or its receiver, or that is being brought in by the receiver, unless the fund produces interest. *Johnson* v. *Moon,* 82 *Ga.* 247 (10 S. E. 193).

So the county was not liable for interest on these warrants during the period of the pendency of the interlocutory injunction in the case in Butts superior court, and in the one in the U. S. District Court, these periods extending from December 18, 1916, to December 12, 1918, and from April 17, 1919, to December 26, 1923; and the trial judge erred in allowing interest on these warrants during that period. For this reason we reverse the judgment of the court below.

*Judgment reversed.   All the Justices concur.*

BECK, P. J., and HILL, J., concur in the judgment of reversal in this case, but dissent from the ruling in the 6th headnote and the corresponding division of the opinion, for the reasons stated in the dissenting opinion in the case of *Hartley* v. *Nash,* 157 *Ga.* 402. (supra).