DECATUR BANK & TRUST CO. *v.* AMERICAN SAV. BANK.
SAME *v.* HIBERNIA SAVINGS, BUILDING & LOAN ASSO.

The finding by the judge, on exceptions to an auditor's report, that the parties did not make a final agreement of settlement as to the amount

of interest the county stipulated to pay on the warrants in question, was authorized by the evidence.

Nos. 6285, 6286.    AUGUST 18, 1928.

Mandamus. Before Judge Hutcheson. DeKalb superior court. September 10, 1927. '

*B. H. Burgess* and *L. J. Steele,* for plaintiff in error.

*J. Caleb Clarke, Mark Bolding,* and *Dorsey, Howell & Heyman,* contra.

HILL, J. In 1917-18 the County of DeKalb, having accumulated debts to a certain extent, so that the levy of a tax of fifty per cent. of the State tax levied for that year would not pay those debts and the current expenses of the county, determined to pay off the accumulated debts as required by the Civil Code, § 507, at the rate of twenty-five per cent. in each year, thus discharging the debts in four years. In pursuance of this plan the commissioner issued warrants upon the treasury of the county, in favor of the various creditors, in such amounts that each creditor would receive four warrants for the amount of his claim, each warrant being for twenty-five per cent. of his claim, payable in one, two, three, and four years respectively, and each specifying the amount of the principal so to be paid, and that such principal should bear interest at the rate of 7 per cent. per annum from date. After the warrants were issued, the creditors transferred them by due assignments. Soon after the execution and delivery of the warrants the question arose as to whether a county could pay interest on the warrants; and a case involving that question was brought to the Supreme Court, in which the judgment of the trial court was affirmed by operation of law, because the Justices of the Supreme Court were evenly divided in opinion as to whether the warrants would bear interest. *Forman* v. *Nash,* 154 *Ga.* 483 (114 S. E. 639). In this state of affairs, as the warrants would fall due the county insisted that interest could not be paid, and the holders of the warrants insisted that the interest should be paid. The county paid the warrants by check for the amount it deemed to be due as principal debt, and at the time of receiving the payment in such circumstances a receipt was issued, stating that the payment was made without prejudice to the right of the holders of the warrants to insist, by whatever means they should deem proper, upon the payment of interest. This was the status when each series of

the warrants were paid, except the last. When the last warrant was paid on January 7, 1925, there was no such receipt, and the warrant was surrendered to the county as having been finally paid. Before this payment, the case of *Hartley* v. *Nash*, 157 *Ga.* 402 (121 S. E. 295), came before the Supreme Court, in which it was decided that the county was bound to pay interest on the warrants, two of the Justices dissenting. After this decision, the holders of the warrants referred to above instituted mandamus proceedings to compel the county authorities to pay the balance of the interest due, according to the face of the several vouchers from their dates to the time of payment. The defendants' plea of accord and satisfaction was sustained by the auditor, to whom the case was referred, and upon exceptions to the auditor's report, the case being submitted to the judge by consent, to pass upon all questions of law and fact without a jury, the judge found contrary to the report of the auditor, and entered final judgment requiring the payment of the interest by the county.

"Accord and satisfaction is where the parties, by a subsequent agreement, have satisfied the former one, and the latter agreement has been executed. The execution of a new agreement may itself amount to a satisfaction, where it is so expressly agreed by the parties; and without such agreement, if the new promise is founded on a new consideration, the taking of it is a satisfaction of the former contract." Civil Code (1910), § 4326. "The accord and satisfaction must be of some advantage, legal or equitable, to the creditor, or it will not have the effect of barring him from his legal rights. The acknowledgment of a disputed title, or the securing of a doubtful claim, would be such an advantage." § 4328. "An agreement by a creditor to receive less than the amount of his debt can not be pleaded as an accord and satisfaction, unless it be actually executed by the payment of the money, or the giving of additional security, or the substitution of another debtor, or some other new consideration." § 4329. "When a payment is made upon any debt, it shall be applied first to the discharge of any interest due at the time, and the balance, if any, to the reduction of the principal. If the payment does not extinguish the interest then due, no interest shall be calculated on such balance of interest, but only on the principal amount to the time of the next payment." § 3433. The judge was authorized by the evidence in this case to find that the

parties did not make a final agreement of settlement and payment as to the amount of interest which the county stipulated to pay on the face of the warrants, and, on the basis of such finding, to sustain the exceptions to the auditor's report, and to render final judgment directing payment of interest, to which the assignments of error in the bill of exceptions relate.

*Judgment affirmed. All the Justices concur.*