MARION COUNTY *et al. v.* FIRST NATIONAL BANK OF
GAINESVILLE.

No. 13902.   January 13, 1942.

*Foley & Chappell, Albert W. Stubbs,* and *J. M. Rogers,* for plaintiff in error.

*Wheeler, Robinson & Thurmond* and *E. D. Kenyon,* contra.

ATKINSON, Presiding Justice. 1. "A county may, without being said to create a debt within the meaning of the constitution, contract for materials [consisting of machinery for use in] the necessary improvement of public roads, to be paid for out of available funds in the hands of the treasurer, or out of the proceeds of taxes that have been or may be lawfully levied during the year in which the contract is made." *Wilson* v. *Gaston,* 141 *Ga.* 770 (82 S. E. 136) ; *Neal & Son Inc.* v. *Burch,* 173 *Ga.* 840 (162 S. E. 135). The principle ruled in the *Neal* case, just cited, that the amount of a "gas tax" which the county expected to receive could not properly be considered as a tax that had been or might lawfully be levied by the county authorities during the year in which the contract was made, and other similar sources of possible income as in *Tate* v. *Elberton,* 136 *Ga.* 301 (4) (71 S. E. 420), is not applicable to cases in which funds derived from such sources *are actually in hand and available for payment of the contract price.*

2. Where the purchase-price of machinery for necessary improvement of public roads becomes a liquidated demand, as by issuance of a county warrant drawn on the county treasurer by the county commissioners, payable to the vendor for the purchase-price, interest which may thereafter lawfully accrue upon the warrant is incidental, and is not to be counted as part of the debt for which the warrant was issued. *Epping* v. *Columbus,* 117 *Ga.* 263, 276 (43 S. E. 803).

3. In the instant case it does not appear on the face of the warrant, or from allegations in the petition for mandamus, that the county warrant was an attempt to create a debt as inhibited by the constitution, art. 7, sec. 6, par. 2, and art. 7, sec. 7, par. 1 (Code, §§ 2-5402, 2-5501). Where the respondent raises an issue as to such an attempt, on the basis of insufficient funds on hand or inability to levy lawful tax during the year to raise funds for payment of the contract price of the machinery, the burden of proof is on the respondent. Code, § 38-103; *Americus Grocery Co.* v. *Pitts Banking Co.,* 169 *Ga.* 70 (4) (149 S. E. 776); *Thompson* v. *Shurling,* 184 *Ga.* 836 (193 S. E. 880).

4. In virtue of the foregoing authorities, if sufficient available funds are in the hands of the treasurer at the time of the contract, or less than sufficient but if augumented by taxes that could be lawfully levied in the year would be sufficient to pay the contract price, the warrant issued by the county commissioners, drawn on the county treasurer, for road machinery, will not be illegal as being inhibited by the cited provisions of the constitution merely because, without participation or consent on the part of the vendor, the county applies the funds out of which the price of the machinery was to be paid to other claims against the county, leaving the price of the machinery unpaid. *Wilson* v. *Gaston,* 141 *Ga.* 770 (82 S. E. 136). Neither would the warrant be illegal merely because it is drawn to be charged against the road fund, and the treasurer did not keep a separate road fund but mingled all the county funds in one bank account. *Maddox* v. *Anchor Duck Mills,* 167 *Ga.* 695 (2) (146 S. E. 551).

5. Whether or not a certain item received by the treasurer from the State, derived from rentals of the Western and Atlantic Railroad, and certain funds received from fines and forfeitures (which the defendant contends can not be applied to road expenses), constitute part of the funds then and now in the hands of the treasurer, it appears that other available funds went into the hands of the treasurer that were not shown to have been disbursed, which were sufficient to pay the warrant. Such evidence is sufficient to support a finding that the sum specified in the warrant is a valid obligation of the county.

6. The county warrant now in question is prima facie a liquidated demand *(Maddox* v. *Anchor Duck Mills,* supra); and

though it does not express any date for payment it is as matter of law payable on demand made five days after the date on which it is issued (Code, §§ 23-1605, 14-207 (2)), and will ordinarily bear interest from and after demand so made. Code, §§ 57-101, 57-110; *State* v. *Speer*, 33 *Ga. Supp.* 93; *Hartley* v. *Nash*, 157 *Ga.* 402 (121 S. E. 295); *Americus Grocery Co.* v. *Pitts Banking Co.*, supra. See *United States Fidelity & Guaranty Co.* v. *Clarke*, 190 *Ga.* 46 (3) (8 S. E. 2d, 52).

7. The Annotated Code §§ 23-1604 to 23-1608, inclusive, relate to county orders and to the order in which county debts are to be paid. § 23-1608 is a codification of the acts approved July 24, 1920, and March 11, 1935. (Ga. L. 1920, p. 65, amending § 582 of the Code of 1910; Ga. L. 1935, p. 110). That section provides: "On the first day in December of each year such treasurer and the commissioners of roads and revenues or other authority having control of finances of the county together shall make an entry of all orders entitled to payment which were not so presented for payment, and what orders not of equal dignity have been paid instead, in whole or in part, and what others are entitled to payment before such nonpresented orders. Persons holding such orders, who present them without receiving their pay before said day, may have the treasurer annually to mark thereon 'presented,' the day of presentation, and not paid for want of funds. Such county orders, when legally issued and duly presented as herein provided and not paid for want of funds, shall bear interest at such rate as may be prescribed by the governing authorities of the county by resolution, duly adopted and entered upon the minutes of said governing authorities which rate of interest shall in no event be more than seven per cent. per annum and which rate so fixed shall be plainly written or printed upon the face of such order, from date of entry of presentation and nonpayment for want of funds: Provided, however, interest shall not be paid on such warrant or warrants after July 1st following the year in which presented, unless such warrant or warrants are again presented and payment refused for want of funds. The treasurer or keeper of county funds shall indorse on the warrant the words, 'Presented for payment; no funds on hand with which to pay same. This the......day of............, 19....'" The Code sections cited above do not expressly or by necessary implication repeal

§§ 14-207, 57-101, 57-110. They all are to be considered together. When so considered, the sections first mentioned contemplate administrative action by the county officers in regard to the order in which lawful county orders shall *be paid*. The provision in § 23-1608 that such county orders when legally issued and duly presented as herein provided, "and not paid for want of funds, shall bear interest" if indorsed by the treasurer as set forth, does not mean that interest allowed generally on liquidated demands as under §§ 57-101, 57-110 would be disallowed *if sufficient available funds are in hand* to pay the warrant. In the circumstances stated, the treasurer could not truthfully make the statutory indorsement. The statute assumes that the treasurer will pay the warrant when payment is demanded. If he fails so to pay, the statute contemplates that interest will run in virtue of the Code, §§ 57-101, 57-110, from the date of the demand.

(*a*) The decision in *First National Bank of Rome* v. *Owens*, 147 *Ga.* 599 (95 S. E. 2), by five Justices, holding broadly that a county warrant will not bear interest, is not binding as a precedent, and will not be followed.

(*b*) The decision rendered on June 19, 1920, in *Tift & Peed Grocery Co.* v. *Worth County*, 150 *Ga.* 319 (103 S. E. 465), by all the Justices, holding broadly that a county warrant will not bear interest, overlooks the Code, §§ 57-101, 57-110, and is overruled.

(*c*) In so far as the decisions in *Pitts Banking Co.* v. *Sherman*, 166 *Ga.* 495 (143 S. E. 581), and *Americus Grocery Co.* v. *Pitts Banking Co.*, 169 *Ga.* 70 (1, 3), supra, conflict with the foregoing ruling that in the circumstances of the instant case the county warrant in question will bear interest from the time of demand for payment, they are on formal review overruled.

(*d*) The case of *Lettice* v. *American National Bank*, 133 *Ga.* 874 (67 S. E. 187), did not involve, as in the instant case, the question of allowing interest on a lawful liquidated demand. The contract there involved was between the county authorities and a bank, which in substance would allow the bank to pay the holders of county warrants that were in default because of insufficient funds in the treasury, and carry them at a stipulated rate of interest until the treasurer should give notice of readiness to pay. All of this was in disregard of whether the county, though without

available funds on hand, could within the year levy a tax to pay the amount. The decision denounced the whole transaction as in violation of the constitution. The decision is fundamentally sound, but not applicable to the question of allowing interest on a lawful liquidated demand now involved.

8. On the whole case the evidence authorized the grant of mandamus absolute for payment of the sum specified in the county warrant, with lawful interest from the date of demand for payment. The verdict was authorized by the evidence, and the judge did not err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*