## PITTS BANKING COMPANY *v.* SHERMAN; *et vice versa.*

HINES, J. 1. Under the act of July 24, 1920, a person holding a county warrant, who presents the same and does not receive payment thereof before the first day of December in the year in which such warrant is issued, may have the treasurer annually to mark thereon, "Presented," the day of presentation, and non-payment for want of funds; and such warrant, when legally issued and duly presented as above stated, and not paid for want of funds, shall bear interest at the legal rate from the date of entry of presentation and non-payment for want of funds until July 1st following the year in which it was presented; but after July 1st of the following year such warrant will not bear interest unless it is again presented and payment is refused for want of funds, and the entry of such presentation and such non-payment is made thereon by the county treasurer and dated. Ga. Laws 1920, p. 65; 8 Park's Code Supp. 1922, § 582.

2. Under said act county warrants do not bear interest unless they are presented for payment and payment is not made for want of funds, and an entry of such presentation and such non-payment is made by the county treasurer on the warrant, with the date of presentation. When the above requirements are complied with, such warrants bear interest from the date of entry of such presentation and non-payment until the first day of July of the year following that in which such entry is made; and after said latter date interest on such warrants ceases until such requirements are again complied with, when they again bear interest from the date of the renewal entry showing compliance with such requirements until July 1st of the succeeding year, when interest will again stop unless a new entry showing compliance with such requirements is made on the warrants; and so on until the warrants are paid. During any period which may elapse between the expiration and renewal of such entries, interest on said warrants ceases.

3. Applying the principles above ruled, the trial judge did not err in rendering the judgment which is complained of in the writs of error in these two cases.       *Judgment affirmed. All the Justices concur.*

RUSSELL, C. J., concurs specially.

Nos. 6525, 6526.    JUNE 12, 1928.

Mandamus. Before Judge Crum. Wilcox superior court. March 9, 1928.

On February 7, 1921, for a just and proper claim against Wilcox County, the county commissioners issued a warrant upon the Pitts Banking Company as county treasurer, directing that it pay to Sherman the sum of $702.65. On March 23, 1921, this warrant was duly presented to the bank as county treasurer, which then indorsed thereon this entry: "Presented for payment, no funds on hand with which to pay the same. This the 23rd day of March, 1921. D. M. King, Treasurer." R. C. Sherman is and was at all times hereinafter stated the owner and holder of said warrant. On De-

cember 27, 1927, the county treasurer paid to Sherman the principal of said warrant, and made an entry to that effect thereon. The treasurer refused to pay any interest on said warrant, and Sherman refused to accept the principal thereof in full settlement. The treasurer has on hand funds which can be properly applied on said warrant, and the only reason why said warrant is not paid is that such treasurer is unwilling to pay interest thereon, and requires the adjudication of the court as to the payment of interest on said warrant. There is due Sherman on said warrant 7 per cent. interest from March 23, 1921. Sherman filed his petition for a mandamus compelling the county treasurer to pay said interest.

The bank as treasurer demurred to the petition, upon the grounds: (1) that it sets forth no facts which legally entitle the plaintiff to recover any interest on said warrant; (2) that said warrant bears no interest, for the reason that it was not presented to the treasurer of the county on December 1, 1921, and the treasurer did not indorse on said warrant an entry that it was presented for payment on said date and that there were no funds with which to pay the same, and did not date said entry as of that date, and did not sign the same; (3) that if the warrant legally bears any interest at all, it only bore interest from December 1, 1921; (4) that if said warrant bears any interest, and if said interest began on the day of its presentation on March 23, 1921, then said interest ceased from December 1, 1921, because said warrant was not again presented to the treasurer of the county and marked unpaid for want of funds on said latter date; (5) that if said warrant bears any interest, and if said interest began on March 23, 1921, said interest ceased entirely on July 1, 1921, because said warrant on said date was not again presented and payment refused for want of funds, and no entry was made on said warrant to that effect; (6) that if said warrant bears any interest, and whether interest began on March 23, 1921, or December 1, 1921, said interest ceased on July 1, 1922, because said warrant on said date was not again presented and payment refused for want of funds, and no entry was made on said warrant to that effect; (7) that no interest accrued on said warrant after July 1, 1922, and no interest accrued from July 7, 1927, when it was last presented for payment and marked not paid for want of funds, because said warrant in the meantime

had not been annually presented and marked as provided by the act of 1920.

The court overruled the demurrer to the petition; and the facts alleged in the petition being admitted by the defendant, judgment was rendered in favor of petitioner for interest at seven per cent. per annum on the principal of said warrant from March 23, 1921, to July 1, 1922, from July 8, 1927, to December 27, 1927, and from the latter date to March 9, 1928, the total amount of interest allowed being $86.81. To these rulings the county treasurer excepted. Sherman excepted to so much of the judgment as refused interest on the warrant from July 1, 1922, to July 8, 1927.

*M. B. Cannon,* for plaintiff in error. *Hal Lawson,* contra.