AMERICUS GROCERY Co. *et al.* v. PITTS BANKING Co. *et al.*

ATKINSON, J. 1. Under the act of July 24, 1920 (Ga. Laws 1920, p. 65), "county warrants do not bear interest unless they are presented for payment and payment is not made for want of funds, and an entry of such presentation and such non-payment is made by the county treasurer on the warrant, with the date of presentation. When the above requirements are complied with, such warrants bear interest from date of entry of such presentation and non-payment until the first day of July of the year following that in which such entry is made; and after said later date interest on such warrants ceases until such requirements are again complied with, when they again bear interest from the date of the renewal entry showing compliance with such requirements until July 1st of the succeeding year, when interest will again stop unless a new entry showing compliance with such requirements is made on the warrants; and so on until the warrants are paid. During any period which may elapse between the expiration and renewal of such entries, interest on said warrants ceases." *Pitts Banking Co.* v. *Sherman,* 166 *Ga.* 495 (2) (143 S. E. 581).

2. "The legal rate of interest shall remain seven per centum per annum, where the rate per cent. is not named in the contract, and any higher

rate must be specified in writing, but in no event to exceed eight per cent. per annum." Civil Code (1910), § 3426. These provisions apply to counties, as well as to individuals. A county is bound to pay eight per cent. interest when that rate is specified in writing, if there is compliance with all other legal requirements.

3. All warrants issued since the passage of the act of 1920, supra, must be presented and stamped as required by the act, without which any agreement for the payment of interest is void and unenforceable. The possibility that a county treasurer might or could defeat the collection of interest or force the creditor into .litigation, by his arbitrary refusal to stamp the warrant when presented, can not vary or render inapplicable the mandatory provision of the law. By the same process of reasoning, it might be said that the law might·be made nugatory by an agreement of the public officer not to require compliance. It must be assumed that all public ·officers will perform the duties imposed by law.

4. The contrary not being shown, it will be presumed that county warrants when issued are based upon a valid contract duly recorded as provided in the Civil Code, § 386. The failure to so .record is a matter of defense against payment, when suit is brought on such warrants and not upon the contract itself.

5. This court has held that mandamus will lie to require the payment of county warrants. *Maddox* v. *Anchor Duck Mills,* 167 *Ga.* 695 (146 S. E. 551). Interest upon a valid subsisting obligation of a county is of the same nature as the principal, and is collectible upon the same terms and in the same manner as the principal. *Hartley* v. *Nash,* 157 *Ga.* 402 (121 S. E. 295) ; *Gaston* v. *Shunk Plow Co.,* 161 *Ga.* 287 (6) (130 S. E. 580).

6. The judgment, in so far as it limits to seven per cent. the recovery on account of interest on warrants issued prior to the act of 1920, supra, which warrants contain a provision for interest at the rate of eight per cent., is reversed. In all other respects it is affirmed.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

No. 6776. SEPTEMBER 19, 1929.

74

*W. W. Dykes,* for plaintiff.  *Hal Lawson,* for defendants.