21431.  CANDLER *v.* NEAL & SON INCORPORATED.

STEPHENS, J.  1. The indorser of a county order is "liable according to the terms of his indorsement, as in commercial paper." Civil Code (1910), § 583.  The indorser of any instrument, whether it be negotiable or otherwise, including county orders, is liable thereon to his indorsee for the debt represented in the instrument, and "to pay the money if the parties to the instrument primarily liable thereon fail to pay according to the terms thereof" (§ 4279), and "engages that on due presentment, it [the instrument indorsed] shall be accepted or paid, or both, as the case may be, according to its tenor, and that if it be dishonored, and the necessary proceedings on dishonor be duly taken, he will pay *the amount thereof* [italics ours] to the holder, or to any subsequent indorser who may be compelled to pay it." Negotiable Instruments Law, § 66; Ga. L. 1924, p. 140; Park's Code Supp. 1926, § 4273 (7); Michie's Code (1926), § 4294(66).  In a suit "by the indorsee against the indorser, the recovery can not be reduced by showing that the indorsement was made on a sale of the note for a less sum than that expressed in the face of the note and claimed in the suit." *Roark* v. *Turner,* 29 *Ga.* 455 (2).  See also the act approved December 26,

1826 (Cobb's Digest, 594). Where the payee of a county order transfers it for value by written indorsement thereon and delivers it to the transferee, the transferor is liable to the transferee on the contract of indorsement to pay the amount of the order "according to the terms thereof" and "according to its tenor."

2. Any statutory provision which is read into a contract is a part of the terms thereof. Any interest due upon a county order by virtue of the provisions of an act approved July 24, 1920 (Ga. L. 1920, p. 65; Park's Code Supp. 1922, § 582; Michie's Code (1926), § 582), which provides that interest is payable on the amount of the order where it has been presented for payment to the treasurer or keeper of the county funds and such person has indorsed upon the order that there are "no funds on hand with which to pay same," is payable "according to the terms" of the instrument and "according to its tenor." In a suit by the indorsee against the indorser, to recover upon the contract of indorsement, the plaintiff is entitled to recover of the defendant the full face value of the order, with any interest legally due thereon as provided in the act of 1920, supra.

3. Section 582 of the Civil Code of 1910 as amended by the act approved July 24, 1920 (supra), which provides that when a county order has by the county treasurer been marked "presented," with the date of presentation, and "not paid for want of funds," "shall bear interest at the legal rate from date of entry of presentation and non-payment for want of funds," and which further provides that the treasurer or keeper of county funds shall indorse on the order the words: "Presented for payment; no funds on hand with which to pay same," with the date, is substantially complied with by an indorsement upon the order by the designated county officer as follows: "Presented for payment" on a named date, "insf. funds," meaning insufficient funds. This is true notwithstanding it is provided by law (Civil Code of 1910, § 579) that "when there is not enough to pay all [county orders] of equal degree, they shall be paid ratably." This ruling is not in conflict with *Pitts Banking Co.* v. *Sherman,* 166 *Ga.* 495 (143 S. E. 581), and *Americus Grocery Co.* v. *Pitts Banking Co.,* 169 *Ga.* 70 (149 S. E. 776). See answer to certified question propounded to the Supreme Court in this case. 176 *Ga.* 511.

4. The court, in passing upon questions of law and fact under an agreed statement of facts, having rendered judgment for the plaintiff in the full amount of the principal of the order, with interest thereon at 7 per cent. from November 7, 1930, and it appearing that the order draws interest from August 10, 1925, the date upon which it was indorsed by the keeper of the county funds as having been presented for payment, and there were insufficient funds, and the plaintiff being entitled to interest from that date, the judgment is affirmed, with direction that it be amended and entered as drawing interest upon the principal amount of the judgment at the rate of 7 per cent. from August 10, 1925.

*Judgment affirmed, with direction. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 25, 1933.

*George & John L. Westmoreland,* for plaintiff. .

*Alston, Alston, Foster & Moise, Hull, Barrett & Willingham,* for defendant.