## COX *vs* THE BOARD OF COMMISSIONERS OF WHITFIELD COUNTY.

(JACKSON, Chief Justice, was providentially prevented from presiding in this case.)

1. The act of 1872 did not confer on the commissioners of Whitfield county judicial powers except as to roads.
(*a*). If they had any judicial powers as to claims against the county, a refusal to pay unaccompanied by any judgment as to correctness or incorrectness, would not be conclusive.
2. *Mandamus* may be a proper remedy to compel a board of commissioners to pay a fixed and established debt, but suit is the proper mode of determining a liability which is unliquidated and denied.

County matters. Actions. Courts. Judgments. *Mandamus*. Before Judge MCCUTCHEN. Whitfield Superior Court. April Term, 1880.

Reported in the decision.

W. C. GLENN, for plaintiff in error.

JOHNSON & MCAMY, for defendants.

CRAWFORD, Justice.

The assignment of error in this case consists in sustaining a demurrer to a suit against the county of Whitfield, upon a demand due the sheriff for medicines and attention to prisoners during their confinement in the common jail.

The allegations were that the account was due, had been presented to the board of commissioners, payment demanded and refused.

The demurrer was based upon three grounds :

1. That the board of commissioners having passed upon the claim and refused to pay it, their decision was final, unless reviewed by *certiorari* or appeal.

2. Because a *mandamus* should have been brought to enforce payment.

3. Because neither the superior nor the justices courts have jurisdiction of this claim, the same having been conferred exclusively upon the board of commissioners.

1. By the act of 1872, a board of commissioners of roads and revenues was established for Whitfield county, with exclusive jurisdiction, among other things, to examine, settle and allow all claims against the county. The right, therefore, to do these specified things is undoubted. But suppose they refuse to do either, or do the first and then refuse to do the last, what remedy is provided by the act? None at all.

To give power not granted, by implication, is never to be done except where it is obviously intended, or clearly necessary to the exercise of such power. It is not to be presumed that the legislature intended to do more than it did, otherwise it would have so declared.

It is said, however, that the right of *certiorari* or appeal exists. A sufficient reply to this is, that the writ of *certiorari* lies to errors committed by justices of the peace, *ex-officio* justices, corporation courts or councils, inferior

judicatories, or persons exercising judicial powers. The act of 1872, creating this board, invests it with judicial powers only in its third section, wherein it is clothed with the authority to enforce the road laws as was originally done by the justices of the inferior court. Their powers are mainly ministerial, and doubtless were so intended, or else some general provision would have been inserted whereby the same could have been determined. Be that, however, as it may, in this case there was no judgment rendered ; the allegation was that payment *was asked and refused,* when plaintiff resorted to his common law remedy, which we think he had the right to do upon their failure or refusal to hear and allow his claim.

The right of appeal lies from courts of ordinary, a county judge, a justice of the peace, and from such other *judgments* as may be provided for by law. This board being within none of the above judicatories, and there being no law authorizing any appeal from their action, none exists.

2. *Mandamus* would be a remedy to which the party might resort had his claim been recognized and allowed, and no action taken by this board to provide for its payment. But it is unliquidated, and its very existence denied. When the same is fixed by a judgment, which is the only mode left to the plaintiff after a refusal of the commissioners to allow it, then he may resort to this writ.

The judgment, therefore, must be reversed, the demurrer overruled, and the cause proceed.

Judgment reversed.