County of Cobb *vs.* Adams.

---

## COUNTY OF COBB *vs.* ADAMS.

1. That a claim for damages is presented to the ordinary within twelve months after it accrues or becomes payable, to be audited by him, and its payment is refused, is sufficient to allow the claim to be sued in the superior court. It makes no difference that a trial of the merits of the claim is not had before the ordinary.

2. The court of ordinary has not exclusive jurisdiction of damage cases against a county, so as to prevent suit in the superior court to determine the liability, after refusal by the ordinary to approve the claim.

Ordinary.    County Matters.    Courts.    Jurisdiction. Actions.    Damages.    Before Judge BROWN.    Cobb Superior Court.    March Term, 1881.

Reported in the decision.

PHILLIPS & SESSIONS; GEO. F. GOBER, for plaintiff in error.

A. S. CLAY; R. WINN, for defendant.

SPEER, Justice.

Adams brought suit against the county of Cobb to recover damages for personal injuries which he alleged he had sustained by the falling of a bridge, which he was crossing, and which, the county had, through negligence, failed to keep in proper condition and repair.

On the trial in the court below, under the evidence and charge of the court, the jury returned a verdict for the plaintiff for the sum of five hundred dollars. Defendant made a motion for a new trial, on the grounds set forth in the record, which was overruled by the court, and defendant excepted.

1. The main question relied upon by the plaintiff in error in this court for a reversal, was as to the alleged failure of the court to give in charge to the jury a certain request made by the counsel for defendant below, and also as to the charge given by the court to the jury, modifying this request. The defense relied upon in part by the defendant below was that the plaintiff had not fully complied, before he instituted his suit, with section 507 of the revised Code, which requires "that all claims against the county must be presented to the ordinary within twelve months after they accrue or become payable, or the same are barred," etc. And further, that section 506 of the Code makes it the duty of the ordinaries to audit all claims against their respective counties, etc.

Counsel for defendant below requested the court to charge, "before the plaintiff can maintain this action, his claim must have been presented for auditing. The word 'audit' has a technical meaning, which is to audit, to ex amine, to pass upon."

It is complained that to this request given the court added the following : "Yes, gentlemen of the jury, that is the law. It has been so decided by the supreme court, and·I charge you, that is the law applicable to this case. But I will read to you section 507 of our Code, which our supreme court was construing when they made the decision referred to," and after reading said section the court remarked, "that it might be seen that the section which requires the party to present the claim in twelve months does not use the word 'audit, or to be audited,' but the supreme court says that is the meaning of it, and it must be presented to the ordinary for that purpose, but the party presenting it need not use the word 'audit,' but it is sufficient if he presents it for that purpose, and the ordinary examines it and refuses to allow it, that is, refuses to audit it and approve it but rejects and disallows it. If the plaintiff has shown that he has done this, then he has a right to sue in this court, and if he has made out his case in other respects, he is entitled to recover such damages as he has shown by proof that he sustained. The ordinary is not bound to go into a trial of the case and introduce witnesses before him before the plaintiff can sue. But if the claim is presented and he examines it and refuses it, that is all that is required to enable plaintiff to bring his suit." We see no error in this charge of the court as given, under the facts of the case. See *Maddox vs. County of Randolph*, decided at February term 1880, pamphlet, page 37.

2. As to the other ground insisted upon by counsel for plaintiff in error, in the argument, but not contained in the record, "that the court of ordinary had exclusive jurisdiction to audit and adjudicate claims against the

county, and that suit by petition should have been insti-
tuted there, and that the superior court had no jurisdic-
tion of this kind of claim, save only by appeal from the
decision of the ordinary, we can only say that this ques-
tion was held otherwise by this court in this case of *Fred
Cox vs. The Commissioners of Whitfield County*, decided at
the September term, 1880, pamphlet, page 27.

Let the judgment of the court below be affirmed.