NEAL & SON INCORPORATED *v.* BURCH *et al.,* commissioners.

GILBERT, J. 1. "A county may, without being said to create a debt within the meaning of the constitution, contract for materials for the necessary improvement of public roads, to be paid for out of available funds in the hands of the treasurer, or out of the proceeds of taxes that have been or may be lawfully levied during the year in which the contract is made." *Wilson* v. *Gaston,* 141 *Ga.* 770 (82 S. E. 136). That principle is so well established and so freely admitted by both parties that it requires no elaboration.

2. Under the principle ruled in *Gulf Paving Co.* v. *Atlanta,* 149 *Ga.* 114 (4) (99 S. E. 374), the amount of the "gas tax" which the county expected to receive could not properly be considered as a tax that had been or might be lawfully levied by the county authorities during the year in which the contract was made. Such tax is not of the character contemplated by art. 7, sec. 7, par. 1, of the constitution of Georgia (Civil Code (1910), § 6563), which relates to the creation of a debt by any county in this State.

3. Applying the above rulings to the facts of this case and to the admissions made by both parties, and their commendable effort to clarify the issues, it becomes unnecessary for this court to decide other issues raised, to wit, whether the commutation road tax could be considered, and whether the contract was such as was required by law to be entered upon the minutes of the county commission. The judgment of the court was in accord with the rulings stated above.

*Judgment affirmed. All the Justices concur.*

No. 8628. DECEMBER 16, 1931.

842

843

*Alston, Alston, Foster & Moise* and *Lester C. Dickson,* for plaintiff.

*W. B. Hollingsworth* and *Hall & Jones,* for defendants.