McGINTY *v.* PICKERING *et al.*

No. 10282.   MARCH 2, 1935.

*Jesse M. Sellers* and *J. Roy McGinty,* for plaintiff.

*Mitchell & Mitchell, H. H. Anderson, W. B. Robinson,* and *C. N. King,* for defendants.

PER CURIAM. 1. The funds in controversy were paid by the State Highway Department for the use of Murray County, as compensation for construction work performed by the county on a State road under a contract between the county and the State Highway Department. "All sums from whatever sources which are paid into the county treasury shall constitute a part of the county revenue." Code of 1933, § 92-3901. In equity, these were county funds and should be so treated, whether deposited in the name of the county or not, all parties concerned having knowledge of their source and of the consideration for which they were

paid by the State Highway Department. *Spain* v. *Hall County,* 175 *Ga.* 600 (3) (165 S. E. 612). The plaintiff as a taxpayer of the county had such interest in the funds that he could sue to enjoin an illegal disposition thereof. *Mitchell* v. *Lasseter,* 114 *Ga.* 275 (4) (40 S. E. 287); *Dancer* v. *Shingler,* 147 *Ga.* 82 (2) (92 S. E. 935); *McGinnis* v. *McKinnon,* 165 *Ga.* 713 (141 S. E. 910).

2. It appears from the record that Pickering is acting as agent of the county without right, because there is no recorded contract between him and the county, establishing such relation. Code of 1933, § 23-1701; *Douglas* v. *Austin-Western Road Machinery Co.,* 173 *Ga.* 834, 838 (161 S. E. 811); *Walker* v. *Stephens,* 175 *Ga.* 405 (165 S. E. 99).

3. Furthermore, it is the duty of the board of county commissioners to audit and pass upon any claims arising against the county in connection with the construction project. Code of 1933, §§ 23-701, 23-1601, 23-1602. This is a duty which can not be delegated, and the funds in controversy should not be used for the payment of any such charges before a determination of their correctness by such commissioners. *Williams* v. *Batten,* 156 *Ga.* 620 (119 S. E. 709); *Tobey* v. *Seaboard Construction Co.,* 169 *Ga.* 104, 110 (149 S. E. 914). This ruling will include the claim of Pickering for the reasonable or unliquidated value of his services. *Maddox* v. *Randolph,* 65 *Ga.* 216 (2); *Cox* v. *Board of Whitfield County,* 65 *Ga.* 741 (2); *County of Cobb* v. *Adams,* 68 *Ga.* 51 (2); *Smith* v. *Fuller,* 135 *Ga.* 271 (3) (69 S. E. 177, Ann. Cas. 1912A, 70).

4. Nor should the funds be disbursed except on "vouchers signed by the chairman of said board." Ga. L. 1933, p. 631, sec. 11; *Bank of Chatsworth* v. *Hagedorn Construction Co.,* 162 *Ga.* 488 (134 S. E. 310).

5. On application of the foregoing principles, it appears from the pleadings and the evidence that the funds were in danger of being disbursed without compliance with legal requirements, and that the plaintiff as a taxpayer was entitled to an injunction against such unlawful disposition thereof.

6. Also, the judgment was final as to certain matters with reference to which it was improper to make an adjudication at the interlocutory hearing. *Booth* v. *State,* 131 *Ga.* 750 (63 S. E. 502); *Southern Cotton-Oil Co.* v. *Overby,* 136 *Ga.* 69 (3) (70 S. E. 664); *Pig'n Whistle Sandwich Shops* v. *Keith,* 167 *Ga.* 735 (4) (146 S.

E. 455); *Rodgers* v. *First Mutual Building & Loan Asso.*, 179 *Ga.* 147 (175 S. E. 477).

*Judgment reversed. All the Justices concur, except Beck, P. J., who dissents.*

Atkinson and Gilbert, JJ., concur specially in the judgment. See *Wood* v. *Puritan Chemical Co.*, 178 *Ga.* 229 (172 S. E. 557).

Beck, Presiding Justice, dissenting. 1. The court did not err, as against the petitioner, in granting the order to which exception is taken. The petitioner based his right to injunctive relief on the ground that he is a citizen and taxpayer of Murray County; but the funds the disbursement and payment of which by the Cohutta Banking Company, of which the plaintiff was a stockholder, were not derived from taxation imposed upon the citizens of the county named or upon their property, but were deposited in the bank by the State Highway Board, and were to be disbursed under the terms of a contract which the Highway Board had made with the authorities of the county.

2. It is to be assumed that petitioner is a minority stockholder, it not being alleged that he owned a majority of the stock in the bank; and as such minority stockholder he could not maintain this suit for injunction to have the directors of the bank take steps to prevent its attorney and treasurer from paying out any of the funds.