McGINTY *v.* KEITH *et al.*

No. 11065.   July 9, 1936.   Rehearing denied July 23, 25, 1936.

*Smith, Smith & Bloodworth* and *Jesse M. Sellers,* for plaintiff.

*H. H. Anderson, C. N. King, W. B. Robinson,* and *Mitchell & Mitchell,* for defendants.

Beck, Presiding Justice. The facts, except those that came out on the last trial, appear in the previous report when the case was here for decision upon exceptions to the judgment rendered at interlocutory hearing. *McGinty* v. *Pickering,* 180 *Ga.* 447 (179 S. E. 358). After the case was returned to the court below, the defendants tendered certain amendments. The substance of these were to the effect that at the time of the filing of the original answers, and at the time of the interlocutory hearing, the contract for the construction of the highway in question by the defendant Pickering had not been entered on the minutes of the board of commissioners of the county; that this contract was afterwards so entered; that the contract was in writing, and a copy of it was attached to the answer; that, being in writing and entered on the minutes, it is an enforceable contract; that there has been an accounting and settlement with Pickering, as per exhibits attached, and that feature of the case is moot and should be stricken from the petition. The amendment further set up the contention that the plaintiff as a taxpayer and as an individual could not maintain this suit for any purpose except for injunctive relief to prevent an illegal payment of county funds; and that, a complete

settlement having been made and duly approved, the suit should abate. A copy of the contract is as follows:

"This agreement made and entered into this 4th day of May, 1931, by and between V. C. Pickering, of the County of Murray and State of Georgia, party of the first part, and Gilmer and Murray Counties, State of Georgia, parties of the second part, witnesseth: The party of the first part contracts and agrees, to and with the parties of the second part, to furnish materials for and construct the road from Ellijay to Chatsworth, known as State route No. 2; all in accordance with the State Highway plans and specifications. The following is agreed to, by both party of the first part and parties of the second part: It has been agreed and understood that the State Highway Department is to allow the counties above mentioned to build this road with convicts, and same to be paid for by the State at an agreed price; and party of first part agrees to personally supervise the work and furnish not less than $10,000 in cash and equipment for the construction of this work; and he is to be furnished by Gilmer County equipment and supplies not to exceed $25,000, and this amount is to be distributed as the work progresses; and he is to be furnished equipment and supplies by Murray County, not to exceed $25,000, and this money is to be paid out of the gas tax earned on the mileage of this road only in Murray County, during the construction of this road, said gas tax payment to start with the first quarter of 1931, and is to be paid to a joint treasurer for the two counties, parties of the second part, and the party of the first part (such treasurer to be selected) when collected from the State Treasurer, and each quarter thereafter until the road is completed; but it is expressly understood and agreed, that Gilmer and Murray counties are not bound to exceed $25,000 each. And it is agreed and understood that party of the first part is to have full control of the work; and it is further agreed to push same to completion as fast as possible, taking into consideration money available from the State Highway Department. It is agreed that all equipment purchased by each county is to be returned to it when grading and drainage of road is completed. In consideration of the foregoing the parties of the second part agree to turn over to the party of the first part all moneys received from the State Highway Department, in reference to this road, for service rendered and money

and equipment above mentioned. It is further agreed and understood that all expenses of convict camp is to be paid out of funds received from State Highway Department, and that said Murray and Gilmer counties are not to be liable other than the above specified $25,000 each. This agreement made and signed in triplicate, under the hands and seals of each party hereto." (Signed and sealed.)

The plaintiff objected to the allowance of the defendants' amendment, and demurred to the answer as amended, on the grounds, among others, that the contract set up by defendants was void because in conflict with the law with reference to the use of convict labor, and was unconstitutional and void as lending the credit of the county to an individual. The court allowed the amendment, and after hearing evidence directed a verdict for the defendants and against the prayer for injunction. The plaintiff excepted.

■ While by amendment the defendants alleged that there was a written contract, whereas in the petition the plaintiff alleged that the contract was verbal, and this was admitted in the original answer of the defendants; and while it appears also that there are substantial variations between the written contract alleged in the defendants' answer and the verbal contract as first set out and admitted, and that there are contradictions between the allegations of the original answer and those of the amended answer, this affords no reason for striking the amendments. In *Mims* v. *Jones*, 135 *Ga.* 541 (69 S. E. 824), it was said: "The defendant objected, on several grounds, to the amendment offered by the plaintiffs, one of which was that the petition being sworn to by both plaintiffs, could not be amended by striking therefrom material allegations. The defendants' counsel especially contended that this amendment could not be allowed after the plaintiff had obtained a temporary restraining order on the petition. The Civil Code, § 5097, provides: 'All parties, whether plaintiffs or defendants, in the superior or other courts, whether at law or in equity, may, at any stage of the cause, as matter of right, amend their pleadings in all respects, whether in matter of form or of substance, provided there is enough in the pleadings to amend by.' The plaintiffs had a right to amend the petition in material parts after the temporary restraining order was granted thereon, and the court committed no error in allowing the amendment over the objection

above stated. Where admissions are made in pleadings and are withdrawn or stricken by amendment, they can be used by the opposite party upon the trial as evidence, with the right of the other party to explain or disprove them; but admissions in pleadings, after they are withdrawn or stricken by amendment, can not be used as solemn admissions in judicio, so as to work an estoppel on the party making them to deny them, but can only be used as evidence in the way of admissions."

The actual cause of action here was not changed; it was still a contract for the construction of the highway in question, for which the defendant Pickering was to receive compensation. In the amended answer the defendants struck from their original answer all admissions that the contract of employment of Pickering was not in writing or recorded upon the minutes of the board, and set up in the amendments that since the interlocutory hearing the contract of employment of Pickering had been duly recorded upon the minutes, and that the contract was in writing, which contract was attached to their amended answer; and that while the contract was not recorded so as to be enforceable at the time of the interlocutory hearing, it had since been recorded so as to render it enforceable.

■ The allegations of the amendments were also pertinent to the suit, and allowable, which showed that there had been a proper auditing and accounting between the proper authorities and Pickering.

■ The ruling in the third headnote requires no elaboration.

■ The contract relied upon by the defendant is not in violation of the provision of the constitution of this State (Code, § 2-5401), which forbids a county to lend its credit to an individual; nor is it void on any other ground urged in the brief of counsel for plaintiff in error.

*Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents.*

Bell, J., concurs in the judgment.