TAYLOR *et al.*, commissioners, *et al.* v. LOVETT.

No. 11681. APRIL 14, 1937.

R. *Earl Camp* and *J. E. Burch,* for plaintiffs in error.

R. *M. Daley,* contra.

HUTCHESON, Justice. On October 7, 1936, the Commissioners of Roads and Revenues of Laurens County placed an order with Austin-Western Road Machinery Company for the purchase of machinery and equipment for use in maintaining the roads of the county, and on the same date issued in payment thereof a warrant in the sum of $12,630. W. H. Lovett, a citizen and taxpayer of the county, brought a petition against the Commissioners of Roads and Revenues, the treasurer of the county, and Austin-Western Road Machinery Company, praying that the commissioners be enjoined from receiving delivery of the machinery and equipment, and that the treasurer be enjoined from paying the warrant. At interlocutory hearing it was agreed between the parties that the sole question for determination by the court, under the evidence and the pleadings, was whether or not the warrant so issued created a debt inhibited by the provisions of art. 7, sec. 7, par. 1, of the constitution of this State. The evidence showed the following facts: Taxes for the year 1936 had been assessed and levied. Assessed valuation of taxable property, $7,453,000, taxed at 18 mills; anticipated revenue from this item, $134,154. Assessed valuation of public utilities, $736,671, taxed at 18 mills; anticipated revenue from this item, $13,276. Total of anticipated revenue from both items, $147,430. Cash on hand at date warrant in controversy was issued, $8.27. Anticipated income from State Highway Board contracts, $27,000; from gasoline tax, $38,000. Already collected on insolvent taxes in the nature of tax-deed collections for taxes prior to 1936, $10,609.17. Anticipated revenue from tax-deed collections for taxes prior to 1936, for which county holds deeds to real estate, and which are in process of collection, $20,818. The total amount of the warrants issued against 1936 funds was $201,937.42.

The court granted an injunction, and the defendants excepted.

1. A county may, without being said to create a debt within the meaning of the constitution (art. 7, sec. 7, par. 1; Code, § 2-5501), contract for materials and machinery for the necessary improvement of the public roads, to be paid for out of the available

funds in the hands of the treasurer, or out of the proceeds of taxes that have been, or may be lawfully levied during the year in which the contract is made. *Dyer* v. *Erwin,* 106 *Ga.* 845 (2) (33 S. E. 63); *Butts County* v. *Jackson Banking Co.,* 129 *Ga.* 801 (60 S. E. 149, 15 L. R. A. (N. S.) 567, 121 Am. St. R. 244); *Gulf Paving Co.* v. *Atlanta,* 149 *Ga.* 114 (99 S. E. 374); *Neal* v. *Burch,* 173 *Ga.* 840 (162 S. E. 135).

2. "Under the principle ruled in *Gulf Paving Co.* v. *Atlanta* [supra], the amount of the 'gas tax' which the county expected to receive could not properly be considered as a tax that had been or might be lawfully levied by the county authorities during the year in which the contract was made. Such tax is not of the character contemplated by art. 7, sec. 7, par. 1, of the constitution of Georgia (Civil Code (1910), § 6563), which relates to the creation of a. debt by any county in this State." *Neal* v. *Burch,* supra. A fortiorari, the anticipated income to be received by. the county from the State Highway Board is not a tax of the character contemplated by the constitutional provision referred to. Nothing said by this court in *Spain* v. *Hall County,* 175 *Ga.* 600 (5) (165 S. E. 612), and *McGinty* v. *Pickering,* 180 *Ga.* 447, 453 (179 S. E. 358), is contrary to what is herein ruled. In these two cases respectively it was merely held that the county's pro rata of the gasoline tax *as received* from the State treasury, and funds already paid by the State Highway Department on its contracts with the county, constituted a part of the county revenue. See Code, § 92-3901.

3. Applying the above rulings to the facts of the instant case, it is not necessary to decide whether the revenue received from the tax-deed collections, and anticipated revenue from tax-deed collections, all for previous years, could be considered, it appearing, even if such sums were considered, that the outstanding warrants issued for the year in which the contract was made, and before the issuance of the warrant in question, would far exceed such revenue and the funds on hand. It follows that the issuance of. the warrant created a debt within the meaning of the constitutional provision above referred to, and the court did not err in granting the injunction. See *City Council of Dawson* v. *Dawson Waterworks Co.,* 106 *Ga.* 696, 713 (32 S. E. 907).

*Judgment affirmed. All the Justices concur, except*

298

RUSSELL, Chief Justice, who took no part in the opinion or the judgment.