## 65746. WHEELS & BRAKES, INC. v. CAPITAL FORD TRUCK SALES, INC.

DEEN, Presiding Judge.

Capital Ford Truck Sales, Inc. (Capital), a truck dealer and appellee here, brought an action against appellant Wheels and Brakes, Inc. (Wheels), to recover a truck, or the value thereof, which had been stolen from Wheels' premises in September 1980 while undergoing modifications ordered by the customer to whom Capital had contracted to sell it. Prior to filing suit Capital had unsuccessfully made a formal demand on Wheels and had then sought recovery from Wheels' liability insurance carrier, Continental Insurance Co. (Continental), which denied the claim. Capital then recovered $39,414.80 from its own insurer, American Road Insurance

Co. (American), according to the terms of the insurance policy issued by the latter. By a contemporaneous oral agreement memorialized by a letter that is a part of the record, Capital and American agreed that Capital would retain the cause of action against Wheels and that American would not be subrogated thereto.

Wheels answered Capital's complaint, denying liability and counterclaiming for $24,008.31 which it alleged was owed it on open account. After Continental was dismissed as a party to the action, Wheels moved for severance of its counterclaim and summary judgment on the counterclaim. The trial court denied both motions but found that $18,978.92 of Wheels' claim was undisputed by Capital.

At trial the court sustained Wheels' motions for partial directed verdicts on the issues of loss of use, exemplary damages and attorney fees, and the jury awarded $55,545.00 (representing the truck's value plus interest) to Capital and $18,000.00 (representing the balance due on the open account) to Wheels. Upon the court's instruction, the verdict was reformed to reflect the set-off and to award $37,445.00 [sic] to Capital. After its motions for judgment notwithstanding the verdict and for a new trial were denied, Wheels appealed from the judgment, enumerating the following errors: (1) the trial court's failure to grant appellant's motion to try the counterclaim separately and to hold a bifurcated trial on the issues of liability and damages; (2) the jury instruction that appellee might be awarded pre-judgment interest on the truck's fair market value; (3) the insufficiency of the evidence to support the verdict and judgment; (4) the court's failure to admit into evidence that portion of the insurance contract and proof of loss that had been negated by the memorialized oral agreement between Capital and American; (5) the court's permitting Capital's counsel, over objection, to question Wheels' employee concerning other thefts in the vicinity of Wheels' premises; and (6) the denial of appellant's motions for judgment notwithstanding the verdict and for a new trial. *Held:*

1. Severance is largely a matter of discretion for the trial judge, and absent clear and manifest abuse of that discretion, it will not be interfered with on appeal. OCGA § 9-11-42 (Code Ann. § 81A-142); *Lansky v. Goldstein,* 141 Ga. App. 345 (233 SE2d 437) (1977); *Sollek v. Laseter,* 124 Ga. App. 131 (183 SE2d 86) (1971). Where, as in the instant case, the issues were not complex and were so closely related that essentially the same evidence would be presented in the trial of the original complaint and the counterclaim, judicial economy would dictate that they should be tried together. *Lincoln Land Co. v. Palfery,* 130 Ga. App. 407 (203 SE2d 597) (1973). The court has similar discretion regarding whether to order a bifurcated trial for

trying the issues of liability and damages. *Cline v. Kehs,* 146 Ga. App. 350 (246 SE2d 329) (1978). The factual situations in the cases cited by appellant in support of his contention are readily distinguishable from that in the instant case. This enumeration is without merit.

2. The court did not err in instructing the jury regarding the awarding of interest from the time of the theft until trial. The rule is that interest must be awarded on a liquidated sum from the time the liability arises, OCGA § 7-4-15 (Code Ann. § 57-110); and that the jury *may* award interest until the time of recovery "in all cases where an amount ascertained would be the damages at the time of the breach." OCGA § 13-6-13 (Code Ann. § 20-1408). Moreover, it is proper for the court to instruct the jury that where damages are unliquidated, interest at the legal rate may be awarded at the jury's discretion. *B. G. Sanders & Assoc., Inc. v. Castellow,* 154 Ga. App. 433 (268 SE2d 695), cert. denied, (1980); *Norair Eng'r. Corp. v. St. Joseph's Hosp.,* 147 Ga. App. 595 (249 SE2d 642), cert. denied, (1978). In the challenged jury instruction the court stated, "If you find that such sum is a liquidated sum, you *may* also award the legal rate of 7% . . ." (Emphasis supplied.) Since the question of damages is properly the province of the jury, its determination should not be interfered with on appeal "unless the damages are either so small or so excessive as to justify the inference of gross mistake or undue bias." OCGA § 13-6-4 (Code Ann. § 20-1411).

In the case at bar sufficient evidence was adduced to permit calculation of the amount of the damages, and hence the amount of interest, should the jury find in its discretion that an award of interest was appropriate. Capital's president, with nearly twenty years' experience in the truck business, testified as to original cost and replacement cost (both considerably more than the amount awarded), and the original invoice for the truck was entered into evidence. See OCGA § 24-9-66 (Code Ann. § 38-1709). This enumeration is also devoid of merit.

3. Having determined in Division 2, supra, that the evidence was sufficient to authorize the verdict and judgment, we likewise find appellant's third enumeration without merit.

4. Appellant correctly states the rule that once an insured has settled a claim with his insurer, the latter, under the ordinary insurance contract, is subrogated to the insured's claims and can pursue an action to recover for the sums paid to the insured. See, e.g., *Bryant v. Atlanta Gas Light Co.,* 149 Ga. App. 126 (253 SE2d 807) (1979). It is a basic tenet of contract law, however, that the parties may by contract modify or otherwise alter their obligations. See, e.g., 17 AmJur2d 924, Contracts, § 459. By so doing in this case, the parties rendered inoperative the provision of the insurance contract that

appellant contends should have been admitted into evidence. To have done as appellant wished would have injected irrelevant and potentially confusing data into the case, since the agreement between Capital and its insurer concerned only relationships and obligations between themselves and was not binding on a third party. See 17 AmJur2d 710 et seq., §§ 294, 297. To insist, as appellant does, that a superseded provision of appellee's insurance contract should have been admitted into evidence, and thereby obliquely to contend that Capital was not the real party in interest, is specious. See OCGA § 9-11-17 (Code Ann. § 81A-117). This enumeration is without merit.

5. The trial court erred in permitting appellee's attorney to question appellant's employee regarding thefts from other businesses in the area. We recognize that, as appellee argues, such questions were intended to establish whether appellant was or should have been on notice regarding the possibility of thefts from its premises. Since the burden of proving ordinary diligence, the standard of care required of a bailee for hire, is upon the bailee once his failure to return the bailor's property has been established, the evidence appellee sought to elicit was relevant. *Rhodes v. Duarte,* 142 Ga. App. 885 (237 SE2d 212) (1977).

We cannot agree, however, that questions posed by appellee's counsel regarding a prior theft from Wheels' premises and Wheels' physical security arrangements constituted an adequate foundation for introduction of the series of questions about thefts from neighboring businesses. Even on cross-examination, these questions were patently improper in this case, as absolutely no foundation had been established for them. They were not merely leading questions. Rather, under the guise of a question, the attorney was in fact endeavoring to testify that a theft had actually occurred at the places and times stated. "'A question assuming a fact not proved or admitted is improper and should be excluded.'" *Kamman v. Seabolt,* 149 Ga. App. 167, 170 (253 SE2d 842) (1949). The fact that appellee's attorney had a police report in his hand while asking these questions does not make the questions proper, nor does the fact that no objection was made to a similar question of another witness make these questions proper over objection.

Since these questions could have a prejudicial effect on the jury in this bailment case, they were harmful and should have been excluded.

*Judgment reversed. Banke and Carley, JJ., concur.*

Decided June 28, 1983 —
Rehearing denied July 22, 1983.

*M. David Merritt, H. A. Stephens, Jr.,* for appellant.
*Michael V. Elsberry,* for appellee.