67108. CITIBANK (SOUTH DAKOTA) N.A. d/b/a VISA v. KNOWLES.

BANKE, Judge.

Although the issues in this case are relatively simple, it reaches us in a somewhat muddled procedural posture.

The appellant bank sued the appellee to collect an alleged indebtedness on a VISA charge card account. The appellee denied liability and counterclaimed for $1,000 in attorney fees and $25,000 in punitive damages based on the bank's alleged "stubborn litigiousness" in filing the suit. After some discovery had been completed, the bank filed an amendment striking the appellee as the party defendant and purporting to substitute his son as the defendant in his stead. The appellee responded by moving for summary judgment on both the complaint and the counterclaim. The trial court granted this motion insofar as the complaint was concerned and apparently also determined as a matter of law that the appellee was entitled to recover on the counterclaim. This appeal is directed to the latter ruling. *Held:*

"Stubborn litigiousness" does not in and of itself give rise to a cause of action for damages but is instead a factor which may enable a

plaintiff in a contract action to recover expenses of litigation. See generally OCGA § 13-6-11 (Code Ann. § 20-1404). What the appellee apparently means to assert in his counterclaim is a cause of action for malicious use of process. However, he now concedes that such a cause of action may not be asserted as a counterclaim to the very action on which it is based but must instead await the favorable termination of that action. See *Walsh v. Hibernia Nat. Bank,* 160 Ga. App. 679 (2) (288 SE2d 29) (1981); *Medoc Corp. v. Keel,* 152 Ga. App. 684, 688 (263 SE2d 543) (1979). In addition to making this concession, the appellee has moved to dismiss the appeal, contending, in effect, that since he agrees with the appellant on the sole issue in the case, the appeal has become moot. This is a novel theory and one which, if adopted, would have the potential for greatly reducing the workload of the appellate courts. Regretfully, we must decline the invitation. The motion to dismiss the appeal is denied, and the judgment of the trial court is reversed insofar as it purports to award the appellee summary judgment on the counterclaim.

*Judgment reversed. Deen, P. J., and Carley, J., concur.*

DECIDED OCTOBER 28, 1983.

*Ivan H. Nathan,* for appellant.
*J. William Harvey,* for appellee.