71380. WEBB v. COWETA COUNTY.
(342 SE2d 345)

BENHAM, Judge.

From 1968 to 1980, appellant paid taxes to both Heard County and appellee Coweta County on a parcel of land after having been notified by the Coweta County Tax Assessor in 1968 that the land was located in Coweta County. In 1981, appellee admitted that it had been illegally collecting the taxes inasmuch as during the time in question the land was in fact a part of Heard County.

In January 1982, appellant filed a written claim against Coweta County in accordance with OCGA § 48-5-380, seeking a refund of the illegally collected taxes. The claim was not satisfied, and appellant subsequently sued the county to recover the taxes paid plus interest. Appellee contested the suit and moved for summary judgment, taking the position that OCGA § 48-5-380 (b) required appellant to make his claim for refund within three years after the date of each tax payment, thus precluding recovery for all but the 1979 and 1980 payments. The trial court granted appellee's summary judgment motion, which precipitated appellant's appearance here. We affirm the trial court's ruling.

1. Appellant contends that his affidavit in opposition to appellee's motion raised as a material issue of fact whether or not written claims for the tax refund had been made prior to January 1982. Appellant's complaint alleges that a written claim for refund of taxes and interest thereon was filed on or about January 4, 1982. His affidavit states that several oral and written refund requests had been made, but no specific dates are given for those requests. Our review of the record reveals that the only evidence of a written claim on appellant's behalf is the one dated January 4, 1982. The evidence of record was sufficient to show that appellee was entitled to judgment in accordance with its motion; appellant was thereby required to set forth in his affidavit specific facts showing a genuine issue to be decided by a jury. *Hyman v. Horwitz*, 148 Ga. App. 647, 649 (252 SE2d 74) (1979). Having failed to do so, he was subject to having judgment rendered against him.

2. In its order the trial court limited appellant's right to recovery to three years prior to the filing of his claim. While appellant agrees that his refund claim is controlled by OCGA § 48-5-380, he contends that § 48-5-380 (a) means that all of the taxes he paid between 1968 and 1980 should be refunded since Coweta County did not admit that

it was not entitled to the taxes collected until 1981. We disagree.

OCGA § 48-5-380 (a) states that each county may refund to taxpayers any and all taxes and license fees which are determined to have been erroneously or illegally collected from taxpayers. Subsection (b) states that "the taxpayer from whom the tax or license fee was collected may file a claim for a refund with the governing authority of the county or municipality at any time within one year or, in the case of taxes, three years after the date of the payment of the tax or license fee to the county or municipality." To accept appellant's interpretation of the statute would be to render subsection (b) meaningless. We cannot presume that the legislature intended such a result, so we must attempt to harmonize subsections (a) and (b) within the context of the remainder of the statute section. *Marconi Avionics v. DeKalb County*, 165 Ga. App. 628, 631 (302 SE2d 384) (1983).

We conclude that subsection (a) empowers political subdivisions to make the refunds described, while subsection (b), like the subsections that follow it, sets out the process by which those taxpayers who may be entitled to such refunds may assert their claims. Our review of the record, including appellant's own assertions in his complaint, shows that appellant suspected error and in some way protested the payments between 1968 and 1980. Under these circumstances, we agree with the trial court's conclusion that "plaintiff could have instituted a claim for refund at any time after payment and failed to do so."

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 18, 1986 —
REHEARING DENIED MARCH 10, 1986 —

*Dock H. Davis*, for appellant.
*Charles Van S. Mottola*, for appellee.