73650. EASTERN AIR LINES, INC. v. FULTON COUNTY.
(360 SE2d 425)

BENHAM, Judge.

Eastern Air Lines, Inc., filed this action to obtain a refund of ad valorem taxes collected by Fulton County on certain leasehold interests held by Eastern on property owned by the City of Atlanta and located at Hartsfield Atlanta International Airport. In addition, Eastern sought to collect prejudgment interest on the taxes, plus attorney fees based on the county's alleged bad faith and stubborn litigiousness.

Admitting that the leasehold interests were not taxable, the county tendered the principal amount of the tax payments into the registry of the court; however, in a brief in support of its motion for summary judgment, it asserted sovereign immunity from liability for prejudgment interest or attorney fees. This appeal is from the grant of the county's motion for summary judgment and the denial of Eastern's motion for summary judgment with respect to these latter claims.

In September of 1981, Eastern was notified by the Joint City-County Board of Tax Assessors for the City of Atlanta and Fulton County that the leasehold interests in question were considered to be subject to ad valorem taxation at a value in excess of ten million dollars. Eastern appealed, taking the position that the interests were non-taxable usufructuary interests rather than taxable interests in real property. The assessments were sustained by an arbitration panel and by the Superior Court of Fulton County, but Eastern ultimately prevailed in the Georgia Supreme Court. See *Eastern Air Lines v. Joint City-County &c. Tax Assessors*, 253 Ga. 18 (315 SE2d 890) (1984).

During the pendency of the appeals arising from the 1981 assessment, Eastern paid to Fulton County, under protest, a total of $271,086.32 in ad valorem taxes assessed on the interests for the 1981, 1982, and 1983 tax years. On February 22, 1984, in a letter addressed to "The Governing Authority of Fulton County c/o Fulton County Board of County Commissioners," Eastern demanded a full refund of those taxes, based on its continuing position that the leasehold interests were not taxable. On May 22, 1984, the Supreme Court handed down its decision sustaining Eastern's position, and approximately a year later, on April 1, 1985, Eastern filed the present action. The county paid the taxes into the registry of the court on September 24, 1985. Eastern contends that, at the very least, it is entitled to recover prejudgment interest for the period between the date of its demand letter and the date of the refund.

1. Generally speaking, a claimant is entitled under Georgia law to recover prejudgment interest on a liquidated claim at the rate of 7

percent per annum from the date the claim becomes due until the date of recovery. See OCGA §§ 7-4-2; 7-4-15; *Wheels & Brakes v. Capital Ford &c. Sales*, 167 Ga. App. 532, 534 (307 SE2d 13) (1983). Where a due date is not fixed by agreement, a liquidated claim is deemed to be due upon demand. See *Dell v. Kugel*, 99 Ga. App. 551, 559 (109 SE2d 532) (1959). It is quite clear that Eastern's refund claim is for a liquidated sum and that a demand was made for its payment. Compare *Marathon Oil Co. v. Hollis*, 167 Ga. App. 48 (3) (305 SE2d 864) (1983). The county, however, takes the position that, pursuant to OCGA § 36-1-4, it enjoys sovereign immunity from liability for prejudgment interest absent an express statutory waiver of such immunity.

While it is true that OCGA § 48-5-380, the statute governing the recovery of unlawfully collected municipal and county taxes, does not specifically authorize the recovery of prejudgment interest, we note that this Code section and its predecessors did not *create* the right to sue for such tax refunds but merely codified pre-existing common law authorizing such suits. See *Hawes v. Smith*, 120 Ga. App. 158 (169 SE2d 823) (1969).

While this court has impliedly held that a taxpayer may recover prejudgment interest in an action to recover a refund of wrongfully collected property taxes (see *Webb v. Coweta County*, 178 Ga. App. 170 (342 SE2d 345) (1986)), the courts of this state do not appear to have had occasion to address the issue squarely. Recovery of prejudgment interest has, however, been authorized in suits against the state and its subdivisions to collect on other types of liquidated claims, notwithstanding the absence of any specific statutory authorization for such recovery. In *Marion County v. First Nat. Bank of Gainesville*, 193 Ga. 263 (7) (18 SE2d 475) (1942), the Supreme Court, relying on the predecessors to OCGA §§ 7-4-2 and 7-4-15, upheld a recovery of prejudgment interest in a suit against a county to enforce certain warrants which the county had wrongfully refused to pay, even though the statute governing such suits authorized the recovery of such interest only if certain conditions, not met therein, were met. See also *Undercofler v. Scott*, 220 Ga. 406 (2) (139 SE2d 299) (1964); *Hartley v. Nash*, 157 Ga. 402 (121 SE 295) (1924).

To allow a taxpayer to recover prejudgment interest in an action for a refund of wrongfully collected taxes is not to sanction an additional claim against the taxing authority but is merely to afford the taxpayer full restitution of the benefit the taxing authority has received as a result of the overpayment. This is nothing more than the measure of recovery authorized in any action for money had and received, and to disallow it in tax refund cases on the basis of sovereign immunity would be to permit the taxing authority to commandeer with impunity the free use of the taxpayer's money. This we decline

to sanction. Consequently, we hold that Eastern was entitled to recover prejudgment interest in the present case. However, in accordance with the general law governing the recovery of prejudgment interest on liquidated claims, we further hold that such interest is owed only from the date of the demand for refund, not from the date the taxes were collected. See *Dell v. Kugel*, supra, Division 4.

2. We reject the county's contention that Eastern's demand letter was invalid because it was premature or otherwise technically defective. The county's position in this regard is based on the following emphasized portions of OCGA § 48-5-380 (b): *"In any case in which it is determined that an erroneous or illegal collection of any tax or license fee has been made by a county or municipality* or that a taxpayer has voluntarily or involuntarily overpaid any tax or license fee, the taxpayer from whom the tax or license fee was collected may file a claim for a refund with the governing authority of the county or municipality at any time within one year or, in the case of taxes, three years after the date of the payment of the tax or license fee to the county or municipality. *The claim for refund shall be in writing and shall be in the form and shall contain the information required by the appropriate governing authority.* The claim shall include a summary statement of the grounds upon which the taxpayer relies. . . ." The county's contention that Eastern's demand letter was premature is based on its position that when the letter was submitted, February 22, 1984, Eastern was not yet entitled to demand a refund because it had not yet been "determined" by an appropriate authority that the collection of the tax was "erroneous or illegal." The county asserts that the earliest date such a determination can be deemed to have been made was May 22, 1984, the date the Supreme Court issued its decision sustaining Eastern's position with respect to the taxability of the leasehold interests, and that "a more likely date would be June 18, 1984, when the decision of the Supreme Court was made the order of the Fulton County Superior Court by remittitur."

We find this position to be totally untenable. Obviously, the Legislature did not intend to make the taxpayer's right to assert a claim for a tax refund contingent on a prior decision by the taxing authority or some unspecified appeals tribunal approving the as yet non-existent claim. Such an interpretation would render the statute totally meaningless and absurd. Rather, OCGA § 48-5-380 (b) clearly authorizes the taxpayer to assert a claim for a refund based on his *own* determination that such a refund is warranted. Cf. *Webb v. Coweta County*, supra at 171.

The county further contends that Eastern's demand letter was ineffective because it was not in the proper form and did not contain certain information required by the county taxing authority to be contained therein. The contention that the form of the demand was

improper is predicated on the county's unsupported assertion in its brief that "[f]or many years, the Office of Fulton County Tax Commissioner has furnished a form for making refund claims" which all taxpayers are required to use.

OCGA § 48-5-380 (b) quite clearly does not require that a tax refund claim be made "on" a particular form supplied by the taxing authority but merely that it be made "in writing" and "*in* the form and [containing] the information required by" the authority. (Emphasis supplied.) The only pertinent information which the county contends was omitted from Eastern's demand letter was the dollar amount of the refund sought. However, it does not appear from the record that the county ever intimated to Eastern that its demand letter was considered defective for this or any other reason. To the contrary, the record reflects that on September 28, 1984, counsel for the county sent a letter to counsel for Eastern indicating that Eastern's refund claim was being processed and specifying the exact amount of the taxes at issue for each of the three tax years in question. Under such circumstances, the county will not be heard to assert an alleged technical defect in the demand letter as a defense to the present action.

3. Based on its contention that Eastern's demand letter was defective, the county further contends the present action was filed prior to the expiration of one year after the date of a valid refund demand, in contravention of OCGA § 48-5-380 (c). Having rejected the county's contention that the demand letter was untimely or otherwise ineffective, we find this contention also to be without merit.

4. In appellee's motion for summary judgment, the only defensive grounds raised with regard to appellant's claim for attorney fees were that appellant's demand for a refund was not timely or proper and that the suit for a refund was premature. Its arguments in support of those grounds are adequately refuted in the preceding divisions of this opinion.

Where there is no bona fide dispute with regard to liability, a defendant's action in forcing a plaintiff to bring suit in order to recover causes the plaintiff unnecessary trouble and expense within the meaning of that phrase in OCGA § 13-6-11. *A. P. S. S., Inc. v. Clary & Assoc.*, 178 Ga. App. 131 (2) (342 SE2d 375) (1986). Our review of the record persuades us that there could be no doubt after the Supreme Court's decision in May 1984 that appellee was liable to appellant for a refund of the taxes paid. That being so, a question is presented for jury resolution regarding the reasonableness of appellee's refusal for some time after that decision to make the refund.

The dissent asserts that counties are protected from claims for attorney fees as expenses of litigation by the doctrine of sovereign immunity, suggesting, in effect, that a claim for expenses of litigation

is an additional cause of action. Of course, as the author of the dissent noted in the case cited in the dissent on this point, *Citibank v. Knowles*, 168 Ga. App. 664 (310 SE2d 18) (1983), that is not so.

The dissent also seeks to draw a distinction between prejudgment interest and a claim for attorney fees, but the distinction is illusory: both of those elements of damage are based on conduct of the defendant with regard to the transaction which is the subject of the litigation, including the conduct of the litigation itself. Furthermore, the dissent's position that counties enjoy sovereign immunity from claims for attorney fees as expenses of litigation because there is currently no statute specifically authorizing such a recovery is inconsistent with concurrence in the holding that prejudgment interest can be recovered against a county: as we noted in Division 1 of this opinion, there is no specific statutory provision for the recovery of prejudgment interest, either.

This court has previously affirmed an award of attorney fees as expenses of litigation against a county in *DeKalb County v. Daniels*, 174 Ga. App. 319 (6) (329 SE2d 620) (1985), the case the dissent would overrule. To do so would create judicially an expanded immunity which the legislature and the voting populace have not chosen to confer on governmental entities. In an era in which legislatures and courts are exerting efforts to curb abuses of the litigation process, that is a step which we should not take.

As may be seen from the statement of the case in this opinion, appellee's conduct in the transaction here involved has been such that there is at least a question of fact with regard to appellant's entitlement to an award of attorney fees. The grant of summary judgment to appellee on that issue was error.

*Judgment reversed. Birdsong, C. J., Deen, P. J., Carley, Sognier, and Pope, JJ., concur. Beasley, J., concurs in Divisions 1, 2, and 3, and in the judgment. McMurray, P. J., and Banke, P. J., concur in part and dissent in part.*

BANKE, Presiding Judge, concurring in part and dissenting in part.

I wholeheartedly agree with the majority's holding that Eastern is entitled to prejudgment interest on the wrongfully assessed taxes. However, as much as I sympathize with the majority's desire to allow Eastern also to collect attorney fees pursuant to OCGA § 13-6-11 based on the county's alleged bad faith and stubborn litigiousness, I am persuaded by constitutional and statutory law that the county enjoys sovereign immunity from that claim.

With certain specific exceptions set forth in the Georgia Constitution, "[a] county is not liable to suit for any cause of action unless made so by statute." OCGA § 36-1-4. See Ga. Const. of 1983, Art. II,

Sec. II, Par. IX; *Toombs County v. O'Neal*, 254 Ga. 390 (330 SE2d 95) (1985); Ga. Const. of 1976, Art. VI, Sec. V, Par. I; *Clark v. State*, 240 Ga. 188 (240 SE2d 5) (1977). See also *Wood v. Floyd County*, 161 Ga. 743, 745-746 (131 SE 882) (1925); *Miree v. United States*, 242 Ga. 126 (249 SE2d 573) (1978).

Suits against counties and municipalities to recover refunds of erroneously or illegally collected taxes are, of course, specifically authorized by OCGA § 48-5-380. As pointed out by the majority, to allow recovery of prejudgment interest in such suits is not to sanction any additional "cause of action" against the taxing authority but is merely to afford the taxpayer full restitution of the benefit the taxing authority has received as a direct result of the overpayment. However, a claim for attorney fees based on the taxing authority's alleged bad faith and stubborn litigiousness quite obviously is not an intrinsic element of a tax refund claim. Indeed, unlike a tax refund claim, such a claim is not even considered liquidated. See *Wahnschaff Corp. v. O. E. Clark Paper Box Co.*, 166 Ga. App. 242, 244 (2) (304 SE2d 91) (1983); *Brannon Enterprises v. Deaton*, 159 Ga. App. 685, 687 (285 SE2d 58) (1981). Rather, an OCGA § 13-6-11 claim for attorney fees seeks an entirely separate and distinct type of recovery based on aggravating factors over and above those giving rise to the original claim against the defendant. Consequently, it in effect asserts a separate cause of action, albeit one which is not cognizable in its own right but must be asserted in conjunction with some other cause of action. See *Citibank v. Knowles*, 168 Ga. App. 664 (310 SE2d 18) (1983).

Because there is currently no statute specifically authorizing the recovery of attorney fees as expenses of litigation in a suit against a county, I am compelled to reach the conclusion that the county enjoys sovereign immunity from such claims. The Supreme Court's holding in *DeKalb County v. Trustees &c. Elks*, 242 Ga. 707 (251 SE2d 243) (1978), upon which the majority relied in all but the final draft of its opinion in this case, provides not even remote support for a contrary view. In the first place, the issue there was whether attorney fees were recoverable not as a penalty for bad faith or stubborn litigiousness but as an element of just and adequate compensation in eminent domain proceedings. In the second place, the Court's holding in that case was that attorney fees were *not* recoverable in such proceedings in the absence of specific legislative authorization. To the extent that this court's decision in *DeKalb County v. Daniels*, 174 Ga. App. 319 (6) (329 SE2d 620) (1985), may be considered authority for the majority's holding in Division 4 of the present case, it contravenes statutory and constitutional law and should be overruled rather than followed.

I am authorized to state Presiding Judge McMurray joins in this opinion.

Decided July 13, 1987 —
Rehearing denied July 31, 1987 — 

*Theodore M. Forbes, Jr., Frederick G. Boynton, Edward H. Wasmuth, Jr.,* for appellant.
*Harold T. Daniel, Jr., William C. Gentry,* for appellee.