45716. MURRAY BAKERY PRODUCTS, INC. v. BOARD OF TAX ASSESSORS OF RICHMOND COUNTY, GEORGIA.
(371 SE2d 393)

GREGORY, Justice.

This case involves the question of whether inventory items used to package cookies manufactured by the taxpayer are exempt from ad valorem taxation under the freeport exemption, OCGA § 48-5-48.2.

The taxpayer, Murray Bakery Products (Murray), manufactures cookies in Richmond County, Georgia. It filed an inventory tax return seeking to exempt from ad valorem taxation, pursuant to OCGA § 48-5-48.2, the plastic trays, cellophane, caddies, cartons, cases, tapes, labels and liners it uses to package its cookies. The Richmond County Board of Tax Assessors denied the exemption. Following a de novo hearing on the issue, OCGA § 48-5-311 (f) (3), the superior court determined that the items in question are not "raw materials" within the meaning of the freeport exemption, and therefore are not exempt

from taxation.

A majority of the Court of Appeals affirmed. *Murray Bakery Products v. Bd. of Tax Assessors of Richmond County*, 186 Ga. App. 559 (367 SE2d 852) (1988). This court granted certiorari to determine whether the packaging materials are exempt under the freeport exemption.

1. The freeport exemption, OCGA § 48-5-48.2, was enacted pursuant to Article VII, Section II, Paragraph III(a) of the 1982 Constitution of the State of Georgia. Subsection (1) provides for an exemption for inventory

> which shall include. . .raw materials held for direct use or consumption in the ordinary course of the taxpayer's manufacturing or production business in the State of Georgia. The exemption provided for herein shall apply only to tangible personal property which is *substantially* modified, altered or changed in the ordinary course of the taxpayer's manufacturing, processing or production operations in this State. [Emphasis supplied.]

Subsection (3) (b) defines "raw materials" as "any material whether crude or processed that can be converted by manufacture, processing, or combination into a new and useful product. . ."

The evidence before the trial court showed that Murray purchases the packaging items in question from other manufacturers. The boxes and cartons are sent to Murray pre-printed with Murray's logo, a description of the contents, and, in most cases, price of the item. Murray owns machines which assemble the boxes. Machines in Murray's plant also insert the cookies into the trays, wrap them in cellophane, place them in boxes, and finally tape and seal them for shipment.

The trial court concluded that the items in question are not raw materials within the meaning of the exemption, because they are not "crude or processed" materials which can be "converted by manufacture, processing or combination into a new and useful product." OCGA § 48-5-48.2 (3) (b). Rather, the trial court found that the packaging materials are finished products which are assembled by Murray. Further, the trial court determined that the exemption could not apply because the packaging materials are not substantially modified, altered or changed in the ordinary course of the business of Murray Bakery Products. As stated above, the Court of Appeals affirmed.

2. We hold that the mere assembling of purchased packaging materials is not a *substantial* change of personal property in the ordinary course of Murray's manufacturing business, and therefore the packaging materials in question do not qualify for the freeport ex-

emption. The decision of the Court of Appeals is affirmed.

3. Murray argues, however, that it manufactures *packaged* cookies, and that the packaging materials sought to be exempted are an integral part of the finished product which it manufactures.

The statute does not purport to exempt all items which are involved in the manufacturing of a finished product. Rather, it exempts only those "partly finished goods or raw materials" which are "substantially changed in the ordinary course of the taxpayer's manufacturing. . . .operation." The packaging materials assembled by Murray into a "finished product" remain in essentially the same state as when they were received by Murray.

Suppose Murray was a manufacturer of fancy packaging materials who purchased prepared cookies from another manufacturer to put inside its packages. Assume Murray assembles the cookies in its boxes prior to sealing and shipment. The product is packaged cookies, but Murray could not claim that the cookies are property which is "substantially changed" during the ordinary course of its manufacturing operation so as to exempt them from ad valorem taxation under OCGA § 48-5-48.2. Likewise, Murray may not prevail on its claim that the packaging materials are "substantially changed" during the course of its manufacturing operation.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 7, 1988.

*Paul K. Plunkett,* for appellant.
*Burnside, Wall & Daniel, Robert C. Daniel, Jr.,* for appellee.