## A92A2272. GWINNETT COUNTY BOARD OF TAX ASSESSORS v. NETWORK PUBLICATIONS, INC.

(429 SE2d 696)

ANDREWS, Judge.

We granted this application for interlocutory appeal to consider the denial of Gwinnett County Board of Tax Assessors' motion for summary judgment.

Plaintiff Network Publications, Inc., is a printing company that initially applied for the 80 percent freeport exemption from ad valorem taxation on personal property in Gwinnett County in 1989, after moving there from a non-freeport county in 1988. That application was denied and litigation followed. No resolution of the issue occurred, however, because the case was dismissed when neither party appeared for calendar call. In 1990, the Board of Tax Assessors did not receive the application mailed by Network.

On March 11, 1991, Network again filed for the exemption. On March 29, 1991, the application was denied and the notice of valuation of personal property was received by Network. It is not disputed that, at the time of the March 29 denial, no representative of the Tax Assessors' office had actually visited Network to view its operations. Seven days later, two officials from the Tax Assessors' office did visit and view the operations as part of the review of the denial by the Tax Assessors because of Network's appeal to the Board of Tax Assessors. On April 17, 1991, counsel for the Board advised that it was still the conclusion of the Board that it was unclear that Network was entitled to the exemption and the Board had decided to stand firm with the denial.

In August 1991, Network appealed the denial to the Gwinnett Board of Equalization on the grounds that the denial "violat[ed] Network's right to due process and equal protection under the laws guaranteed by the Fourteenth Amendment" to the federal Constitution; violated OCGA § 48-5-48.2; and that such violations constituted a cause of action under 42 USCA § 1983, in that Gwinnett County "[p]ursuant to an official policy, ordinance, regulation, or custom on [its] part regarding the granting of freeport exemptions to other qualified applicants, the Board acted to deny Network's Application . . . and correspondingly, to deprive Network of its rights as secured by the Constitution. . . ." The Board of Equalization upheld the value assessed on Network's property, thereby affirming the denial of the freeport exemption.

On September 16, 1991, Network filed a notice of appeal in Superior Court, claiming the exemption had been improperly denied in violation of 42 USCA § 1983 and seeking punitive damages and litigation expenses pursuant to OCGA § 13-6-11. The Board of Tax Assessors filed a confession of partial judgment on November 5, 1991

regarding Network's entitlement to the freeport exemption and a motion for summary judgment on November 25, 1991 regarding the Section 1983 claim and the claims for punitive damages and litigation expenses.

On May 29, 1992, Gwinnett County Superior Court denied the motion for summary judgment, finding only that genuine issues of material facts exist in the action and that order is appealed pursuant to the grant of the application.

1. The first two enumerations deal with the trial court's failure to grant summary judgment to Gwinnett County on Network's claims under 42 USCA § 1983 and will be addressed together.

Under OCGA § 48-5-311 (e) (1), a tax appeal may be heard as to matters of "taxability, uniformity of assessment, and value."

Network contends that, because the issue is taxability instead of claimed unequal valuation, their claim is subject to suit under Section 1983.

*Backus v. Chilivis*, 236 Ga. 500 (224 SE2d 370) (1976), however, precludes such a claim. *Backus* involved a class action challenging the ad valorem tax digest and did relate to the issue of unequal valuation. The claims were against various state, county, and city officials, as well as the city and the private company which conducted the appraisals pursuant to contract. While the court determined that the digest did lack the uniformity of valuation required by the Constitution, it nonetheless did not recognize a § 1983 claim. "[T]he procedures provided by Georgia statutes for resolving ad valorem tax disputes bar taxpayers from instituting a § 1983 action founded only on the claim that the assessments are unequal. A complete remedy for such a defect in a tax digest is already provided by state law. . . . The overriding interests of the state in an efficient, expeditious and nondisruptive resolution of ad valorem tax disputes would be seriously impaired, if not destroyed, by the allowance of such suits." Id. at 505 (III).

"[I]n *Logan v. Zimmerman Brush Co.*, 455 U. S. 422 (102 SC 1148, 71 LE2d 265), the Supreme Court concluded that post-deprivation remedies do not satisfy procedural due process requirements where a deprivation of property is caused by conduct pursuant to established state procedure, rather than random and unauthorized action. *Logan*, supra at 436-437; [cit.]. In so ruling, the court concluded that 'absent "the necessity of quick action by the State or the impracticability of providing any predeprivation process," a post-deprivation hearing would be constitutionally inadequate.' *Logan*, supra at 436 and cases cited therein. This case clearly involves the conduct of county tax agents occurring in direct implementation of an established county ad valorem tax procedure. However, the Supreme Court consistently has recognized that cases involving the constitutional

challenge to the collection of state taxes are of a special class. [Cits.] Certainly, such cases usually necessitate 'quick action by the State' and its taxing entities and agents to avoid substantial jeopardy to the state's overall financial structure. . . . We are satisfied that the linchpin to [taxpayer's] § 1983 claim is the alleged nonuniform and unequal appraisal procedure approved by the county and implemented by its agents. Accordingly, we find that the 42 USCA § 1983 claim in this case is not cognizable. *Backus v. Chilivis*, supra." *Vann v. DeKalb County Bd. of Tax Assessors*, 186 Ga. App. 208, 211 (367 SE2d 43) (1988). See also *Murray Bakery Prods. v. Bd. of Tax Assessors &c.*, 258 Ga. 484, 485 (371 SE2d 393) (1988).

While Network argues that "taxability" is a much different issue than valuation and takes this case out of the *Backus* rationale, we fail to see the distinction. As stated in OCGA § 48-5-311 (e) (2) (A), "[t]he county board of tax assessors shall review the valuation *or denial* in question. . . ." (Emphasis supplied.) Thus, denial of an exemption of a portion of the property's value from taxation under the freeport exemption does affect valuation. The rationale of *Backus* is dispositive. See *City of Atlanta v. J. A. Jones Constr. Co.*, 260 Ga. 658, 659 (2) (398 SE2d 369) (1990) (no § 1983 claim for frustrated bidder on public project).

The statutory review process provided allows an opportunity for the presentation of constitutional challenges to the process and the taxes imposed. "In order to constitute a 'plain, speedy, and efficient remedy,' the [U. S.] Supreme Court has stated that the remedies provided in a state court must provide a taxpayer 'with a full hearing and judicial determination at which she may raise any and all constitutional objections to the tax.' *Rosewell* [*v. LaSalle Nat. Bank*, 450 U. S. 503, 514 (101 SC 1221, 67 LE2d 464) (1981)]." *Colonial Pipeline Co. v. Collins*, 921 F2d 1237, 1244 (7) (11th Cir. 1991). See *Dennis v. Higgins*, 498 U. S. ___ (111 SC 865, 112 LE2d 969) (1991) (the commerce clause confers "rights, privileges, or immunities" within the meaning of § 1983 so that violations are the source of a right of action); *Logan v. Zimmerman Brush Co.*, supra; *City of Atlanta v. North By Northwest Civic Assn.*, 262 Ga. 531, 535 (3) (422 SE2d 651) (1992).

Therefore, Gwinnett County Board of Tax Assessors was entitled to summary judgment on the issue of the availability of a § 1983 claim.

2. The third and fourth enumerations argue that the Board was entitled to summary judgment on the claim for punitive damages. During the argument before the trial court, however, Network withdrew its claim for punitive damages based on *MARTA v. Boswell*, 261 Ga. 427 (405 SE2d 869) (1991), leaving nothing for the trial court's consideration and, likewise, nothing for our review. See also *City of*

*Newport v. Fact Concerts*, 453 U. S. 247 (101 SC 2748, 69 LE2d 616) (1981).

3. Finally, the Board contends it was entitled to summary judgment on Network's claim for attorney fees and expenses under OCGA § 13-6-11.

Such fees and expenses are generally not allowed unless the defendant has acted in bad faith, been stubbornly litigious, or caused unnecessary trouble and expense, in which case the jury may allow them. The mere failure to pay a claim without suit does not constitute bad faith. *Beacon Indus. v. Vanderbunt Concrete, Ltd.*, 172 Ga. App. 573 (323 SE2d 871) (1984); *Allen v. Brackett*, 165 Ga. App. 415 (301 SE2d 486) (1983). They are recoverable against a county in a tax dispute. *Eastern Air Lines v. Fulton County*, 183 Ga. App. 891, 894 (4) (360 SE2d 425) (1987).

However, bad faith does relate to "that which arises out of the transaction upon which the complaint is based. It refers to a time prior to the institution of the suit, not defendant's conduct in defending the case." *Candler v. Wickes Lumber Co.*, 195 Ga. App. 239, 243 (393 SE2d 99) (1990). A bona fide dispute as to part of a claim will preclude a finding of stubborn litigiousness.

Here there is evidence that the Gwinnett County Board of Tax Assessors was aware that other counties did allow the freeport exemption for similarly situated printing companies who requested it, although there was no evidence that any other similarly situated printing companies in Gwinnett County had been granted an exemption. A question of fact remains, however, as to its good faith in denying the exemption to Network and as to whether there was a bona fide dispute over Network's qualifications for it. Ultimately it is a jury question as to whether litigation expenses will be allowed and how much will be allowed. *Spring Lake Property Owners Assn. v. Peacock*, 260 Ga. 80, 81 (390 SE2d 31) (1990); *Gaston v. Mullins*, 168 Ga. App. 371 (309 SE2d 166) (1983).

Therefore, the denial of the motion for summary judgment on the OCGA § 13-6-11 issues was not error.

*Judgment affirmed in part and reversed in part. Birdsong, P. J., and Beasley, P. J., concur.*

DECIDED MARCH 18, 1993.

*Richard A. Carothers, Jonathan A. Weintraub, Loretta J. Mirandola*, for appellant.

*Andersen, Davidson & Tate, Thomas T. Tate, William M. Ray*

*II*, for appellee.